# Bessemer Coal, Iron & Land Company, et al. v. Doak.

*Action for Damages for Setting off Explosive Near House*

(Decided July 2, 1907.   44 South. 627.)

1. *Master and Servant; Injury to Third Person; Contractors.*— The allegation in the complaint that certain persons were employers of or contractors for defendant does not of necessity mean that they were independent contractors for whose acts defendant might not be liable; for if they were contractors their work might have been of such character as to make them the agents of defendant.

2. *Same; Pleading; Willfulness.*—The allegation that defendant wantonly, recklessly or intentionally exploded powder well knowing that said acts would probably result in injury to plaintiff and with reckless disregard of the consequences, etc., sufficiently charge willful conduct.

3. *Same.*—An allegation in a complaint that defendant by its agents, while in the line or scope of their employment wantonly, recklessly or intentionally did certain acts, ·sufficiently shows that the act of

the servant was the act of the master and charges the master with wanton misconduct.

4. *Same; Trespass; Evidence to Support.*—Where the complaint is in trespass it was essential that proof of actual participation by the defendant in the damnifying act be made; and such proof is not made by the testimony of witnesses who had no means of knowing who was actually having the work done, but who testified that the defendant's superintendent was seen talking with the men at work, gesturing and measuring with a tape line.

5. *Same; Liability for Servant.*—The negligence of the servant being the negligence of the master, a recovery may be had on proof of the negligence of defendant's servant acting within the scope of his duty, as though it had been so charged, notwithstanding the complaint charges it as the act of the defendant.

6. *Same; Pleading; Charging Negligence of Employer.*—The complaint is good against the company without any allegations to show its liability for the negligence of G. and M., if they were contractors, where it alleged that defendant company by its agents, servants or employes, while engaged in the scope of their employment negligently did certain acts; although the complaint alleges that G. and M. were either employes of or contractors for the defendant without alleging that the claim against said company was on account of their negligence.

7. *Same; Evidence; Relevancy.*—The fact that plaintiff was living in a house belonging to the defendant company, and after the injury to her and to the house, had a conversation with defendant's superintendent about repairing the house and furnishing her with another house had no relevancy to the question of whether or not defendant was having the work done in the course of which the explosion and the consequent injury occurred.

8. *Evidence; Declaration of Agent.*—Declarations of an agent made while about the business of his master in looking after the master's tenants cannot be used for the purpose of showing that the master was doing the work of excavating the railroad in the course of which an explosion occurred, resulting in the injury complained of.

9. *Negligence; Persons Liable.*—Where the evidence tended to show that the right of way on which the work was being done when the explosion occurred causing the injury complained of, had been conveyed to a railroad company by the defendant, and that the contract for the work was made by the railroad company with others, evidence that defendant's superintendent was seen on or about the work making gestures and having conversation, and once or twice taking measurements is not sufficient to submit to the jury the question of whether or not the defendant company was doing the work; but it further appearing that certain statements were made by the defendant G. tending to show that he was a partner in the contract to make the excavation and the further fact that he was there at the time aiding and making drills, etc., was sufficient to carry to the jury the question of his joint responsibility with the other defendant M. for what was done causing the injury to the plaintiff.

10. *Evidence; Subsequent Acts.*—It was not competent to show what was done in the setting off of other blasts subsequent to the

blast which caused the injury received and for which this action is brought.

11. *Same; Opinion; Competency.*—One shown to be familiar with facts about which it is proposed to have one testify may state an opinion in reference to such fact and it is for the jury to say how much credence shall be attached to such opinion.

12. *Explosives; Injury from Blasting.*—One blasting on his own lands is liable for injury done by throwing stones and debris upon the premises of another; but for mere concussions and injuries of like kind, there is no liability unless the work is negligently done and injury result from such negligence.

13. *Costs; Appeal; Apportionment.*—An appellant although successful will be taxed with a proportionate part of the costs of appeal, if in violation of rule 30 it make its bill of exception unnecessarily prolix.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Action by Jennie Doak against the Bessemer Coal, Iron & Land Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

This was an action begun by appellee against appellant, J. S. Griffin, and J. A. McKinney to recover damages for personal injury resulting from setting off a blast of powder so near to plaintiff's house as to severely injure her. The fourth count of the complaint is as follows: "Plaintiff claims of the defendant the further sum of twenty thousand dollars ($20,000.00) as damages, for that on, to wit, the 25th day of March, 1904, the defendant company was engaged in the business or occupation of running a coal mine at or near Belle Ellen in Bibb county, Alabama; that there were, upon or about the premises of the defendant company, certain railroad tracks, and a side track or side tracks, used for the transportation of coal from defendant's coal mine as aforesaid. The plaintiff avers that she, at the time of the wrongs herein complained of, occupied a house at or near where the defendant company was, through its servants, or employes, engaged in building or erecting a side track; that the defendants, J. S. Grif-

fin and J. A. McKinney were employes of or contractors for the defendant company, and were engaged in the service or business of the defendant company; and that the defendant company, by its agents, servants, or employes while engaged in the line or scope of their employment, and the other defendants, did on, to wit, the 25th day of March, 1904, wantonly, recklessly or intentionally, explode or cause to be exploded a charge or charges of gunpowder, gun cotton, dynamite, nitroglycerine, or some other explosive. the kind, name and character of which is unknown to plaintiff, well knowing that said acts would probably result in injury to the plaintiff, and with a reckless disregard of the consequences. And the plaintiff avers that she, as a proximate consequence of the wrongs complained of, was greatly shocked and injured; that she was caused to give premature birth to a child with which she was pregnant; that she was rendered sick and sore for a long time, for, to wit, six months; that she suffered great mental and physical pain; and that she was permanently injured and permanently disfigured." The plaintiff avers that the use of gunpowder and other explosives used as aforesaid were intrinsically dangerous. Defendant company demurred to this count because it appears from the averments that Griffin and McKinney were contractors to this defendant, and it does not appear from the averment that this defendant was liable for the willful or wanton act of said contractors; because the averments thereof are inconsistent, in that it is averred that said Griffin and McKinney were contractors to this defendant, and the same count describes them as agent of this defendant; because no facts are alleged showing that the defendant Bessemer Coal, Iron & Land Company wrongfully or negligently did the acts complained of; and because this defendant would not be liable for the

negligent explosion of explosives by its contractors, in that it does not appear that the agents or servants of this defendant were acting within the line or scope of their employment. The fifth count was in simple negligence, and its averment of fact is substantially the same as the fourth count, and the demurrers were practically the same.

PERCY & BENNERS, for appellants. An intentional wrong is not the natural, probable or necessary consequence of the execution of the work even if the work be intrinsically dangerous.—*C. & G. R. R. Co. v. Behrman*, 36 Ala. 508. The declarations of the agent while about the business of looking after the tenants was not competent to fix liability on the master for the injury complained of.—16 Cyc. 1003; Meecham on Agency, p. 539; *Rickerts v. Bir. St. Ry.*, 85 Ala. 600; *Danner v. Stonewall Ins. Co.*, 77 Ala. 184; *Smith v. Plank Road Co.*, 30 Ala. 650; *Winter v. Burt*, 31 Ala. 33; *Huntsville Ry. Co. v. Corpening*, 97 Ala. 681. The testimony of the Mrs. Doak as to the child was improperly admitted.— *People v. Armstead*, 30 Mich. 433; *Navarro v. The State*, 6 S. W. 542. Counsel discuss the refused charges and the refusal of the court to grant a new trial, but it is not necessary to digest that part of the brief.

B. M. ALLEN, and LAVENDER & THOMPSON, for appellee. The bill of exceptions is unnecessarily prolix and violative of rule 30, Supreme Court Practice, and should be stricken.—*Bir. Nat. Bank v. Bradley*, 134 Ala. 660; *Gassenheimer v. Marietta Paper Co.*, 127 Ala. 183; *Lewman v. Andrews* 129 Ala. 170; *Gainor v. L. & N. R. R. Co.*, 136 Ala. 260; *Woodward v. Herndon*, 130 Ala. 364. Under the evidence in this case the statements, acts and admissions of the superintendent of defendant was ad-

missible.—*Gibson v. Snow Co.*, 94 Ala. 346; *Thomas' Case*, 89 Ala. 294; *Karl's Case*, 95 Ala.; *Railroad Co. v. avanaugh*, 92 Ala. 324; *A. G. S. R. R. Co. v. Hawks*, 72 Ala. 112. The question of agency under the evidence was a question for the jury.—*Reynolds v. Collins*, 78 Ala. 94; *B. & A. Co. v. Cody*, 135 Ala. 628; *Long Bros. v. Jennings*, 137 Ala. 194. The agent and the principal may be jointly liable for the same tort.—*Mayor v. Thompson*, 104 Ala. 611. The rules of evidence in law are the same for corporations as for natural persons.— *L. & N. R. R. Co. v. Whitman*, 79 Ala. 328. The principal is liable for the wilful and tortuous acts of his agent or servant done within the scope or range of their employment, though the particular act is not authorized.—*Williams v. Hendrix*, 115 Ala. 283; *Gilliam v. Railroad Co.*, 70 Ala. 263; *Lily v. Fletcher*, 81 Ala. 234; *Postal Co. v. Brantley*, 107 Ala. 683; *Dowling v. Shepard*, 112 Ala. 588.

SIMPSON, J.—This was an action brought by appellee against the appellants, Bessemer Coal, Iron & Land Company and J. S. Griffin and J. A. McKinney, who are alleged to be employes of or contractors for said company. McKinney not being found, the suit abated as to him. The wrong complained of is the negligent, or willful, wanton, or intentional, explosion of powder, dynamite, etc., or other explosives so near the dwelling of plaintiff as to cause shock and injury to her. Assignments of error are made separately by the appellants.

The first assignment insisted on by counsel for appellant Bessemer Coal, Iron & Land Company is that the court erred in overruling defendant's demurrer to the fourth count of the complaint. We do not consider said count as subject to the causes of demurrer set forth.

The allegation that "Griffin and McKinney were employes of or contractors for the defendant" did not necessarily mean that they were independent contractors. If they were contractors for the defendant, their work may have been such as to constitute them agents of the defendant. The allegations that the defendant's, wantonly, etc., exploded, etc., "well knowing that said acts would probably result in injury to the plaintiff, and with reckless disregard of the consequences," are sufficient to show willful, etc., conduct. The allegation that the defendant, by its agents, etc., "while in the line or scope of their employment," so acted, sufficiently shows that the acts of the servant was the act of the master. The count sufficiently alleges the wanton conduct against both the company and Griffin.—*City Delivery Co. v. Henry,* 139 Ala. 161, 166, 34 South. 389; *Chattahoochee & Gulf R. R. v. Behrman,* 136 Ala. 508 (headnote 4), 511, 35 South. 132.

This (fourth) count is in trespass, alleging willful, wanton, or intentional trespass against this defendant and also against the defendant Griffin; and to sustain it against this defendant "proof of actual participation on the part of the defendant in the damnifying act was essential."—*City Delivery Co. v. Henry, supra; Central of Ga. Ry. v. Freeman,* 140 Ala. 581-583, 37 South. 387. Without noticing the positive testimony to the contrary, we do not think that the testimony of the plaintiff's witnesses, who had no means of knowing who was actually having the work done, that defendant's superintendent was seen talking with the men at work, gesturing and measuring with a tape line, furnished any evidence on which the jury could find that the defendant the Bessemer Coal, Iron & Land Company actually participated "in the damnifying act." Consequently said defendant

was entitled to the general charge on count 4, which was asked and refused.

The fifth count, which charges negligence (in place of willful, and wanton conduct,· as in the fourth), still charges it as the act of the defendant; but, being a charge of negligence only, under our decisions, the result is the same as if the negligent act had been charged to the servant of the defendant acting within the scope of his duty—the negligence of the servant being the negligence of the master.—*Lookout Mountain Iron Co. v. Lea,* 144 Ala. 169, 174, 39 South. 1017; *Birmingham Ry. L. & P. Co. v. Ella P. Moore,* 148 Ala. 115, 42 South. 1024. This count is not subject to the specific grounds of demurrer set out. While it does allege that Griffin and McKinney were either employes or contractors, yet it does not allege that the claim against this defendant was on account of their negligence, but simply that "the defendant company, by its servants, agents, and employes, while engaged within the scope of their employment, * * * negligently exploded," etc. So the causes which go to this alternative averment, and as to whether the business committed to the contractor was intrinsically dangerous, have no application. There was no error in overruling the demurrer to the fifth count of the complaint.

The conversations purporting to have been had with Herbert, the superintendent of defendant company, about furnishing plaintiff with another house, about having repairs done on the house, etc., had no relevancy to the matter in issue before the court, and did not tend to show that the defendant company was having the excavation done. They related only to what is not disputed, to wit, to the fact that the plaintiff was occupying a house belonging to said company. His statement also, which is said to have been made when he was instructing

them to remove the pictures, etc., in response to the question, "Did he say who was doing the work?" answered: "He said the Bessemer Land"—should have been excluded.   Besides; the fact that there is no such company before the court, the declarations of an agent or officer of a corporation are not "competent evidence against his principal, unless made within the scope of his authority and while in the discharge of his duties in and about the particular transaction of which they constitute a part of the res gestae."—*Danner Land & Lumber Co. v. Stonewall Insurance Co.,* 77 Ala. 184-188; *Ricketts v. Birmingham St. Ry.,* 85 Ala. 600-603-4, 5 South. 353; *Smith v. Plank Road Co.,* 30 Ala. 651-667; 16 Cyc. pp. 1003, 1004; Mechem on Agency.   From these and other authorities it is apparent that it is first necessary to prove that the agent is about his master's business, and then that the statements were made in regard to that business.   So, when the agent or officer is about the business of his master in looking after his tenants, it cannot be proved by his declarations that the master was doing another work, to wit, excavating for a railroad.   With these expressions out, there is not any evidence tending to show that the work of excavating was being done by the defendant corporation.

The testimony is without conflict to the effect that McKinney was boss of the job, that he was not on the company's pay roll, and that neither he nor the laborers received any pay at the company's office, but were paid at Griffin's meat market.   The documentary evidence showed that the right of way on which the railroad was built had been conveyed by the defendant company to the Southern Railway Company, and that the contract to do the work of extension was first in writing between that company and the Donaldson Company, and as to who took it up after they ceased, while the defendant's

testimony shows that McKinney made the contract with the firm of Brewer & Jones, contractors, who "took over the contracts of the Donaldson Construction Company," the testimony of plaintiff's witnesses, when sifted by cross-examination, was only that they supposed the defendant company was doing the work, because they saw the superintendent and assistant superintendent there, at times making gestures and having conversations which they could not hear, and once or twice measuring with a tape line. We do not think this raises any conflict as to who was really having the work done. For the reasons stated, the defendant company was entitled to the general charge in its favor, which was asked and refused. This being the case, it is unnecessary to go into other questions raised by the defendant the Bessemer Coal, Iron & Land Company.

As to the defendant Griffin, as some of the witnesses testified to statements made by him to the effect that he was a partner of McKinney in the contract to make the excavation, and to his being there at times aiding in making the drills, etc., it was a matter to be submitted to the jury whether or not he was jointly responsible with McKinney for what was done, so that the court properly refused to give the general charge as to him.

The first and second assignments of error by said defendant Griffin relate to the overruling of his objection to the questions to the witnesses as to how the baby was protected when certain shots were fired, subsequent to the 25th day of March, 1904. All of the counts of the complaint are based upon the injury received on the 25th day of March, 1904, when the plaintiff claims to have been knocked down, and from which she was rendered sick and sore, etc; but there is no allegation of subsequent injuries, either to herself or child. The ques-

tion, then, as to how the baby was protected at other times was immaterial and should have been excluded.

The questions to the witness Mrs. Jones in regard to what occurred when shots were fired should have been confined to the time when the injury is claimed to have occurred. The objection to the question to the witness Mrs. Jones as to whether the birth was premature was properly overruled. The witness had stated that she was the mother of children, and knew the difference between a prematurely born child and a full-grown child. The court has no judicial knowledge on this subject, and the question as to whether she could have such knowledge, according to medical authorities, was proper to go to the jury.

While one witness testified that the blast on March 25th was neither a heavy blast nor a light one, and another that it was a small shot, yet, under all the evidence, it was a question for the jury as to whether it was negligently done, and whether the injury resulted from that negligence. "The rule deducible from the decisions seems to be that where a person, lawfully engaged in blasting upon his own land, so conducts the work as to cause damage to adjoining property, in a way in itself unlawful, as where there has been a direct trespass upon the premises injured, by casting soil or rocks thereon, the liability of the person causing the inffiury is absolute."—12 Am. & Eng. Ency. Law, 508; *Central Iron & Coal Co. v. Vanderheurk,* 147 Ala. 546, 41 South. 145, 6 L. R. A. (N. S.) 570; 19 Cyc. 7. It is also stated to be the law that, while one who blasts in a thickly settled city acts at his peril, yet "ordinarily, when for the purpose of lawfully making use of or improving land it becomes necessary to resort to blasting as the only practicable method of doing so the owner will not be liable for consequential damages to neighbor-

·ing property, unless he has failed to exercise due care in the performance of the work." 12 Am. & Eng. Ency. Law, 509. Undoubtedly each person has a right to use his own property, and to improve it for the uses and purposes for which he holds it, in any manner which will enable him best to adapt it to his purposes, provided he does not invade the rights of his neighbor; and, as said in a well-considered New York case, hereafter cited, "to exclude the defendant from blasting to adapt its lot to the contemplated uses, at the instance of the plaintiff, would not be a compromise between conflicting rights, but an extinguishment of the right of the one, for the benefit of the other."—*Booth v. R. W. & O. T. R. Co.*, 140 N. Y. 281, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552. Such a rule would allow one man to purchase a lot, and excavate and improve without limit, and then demand that all surrounding property should remain in a state of nature. We think that, according to the best-considered decisions, the rule is that if one, in blasting upon his own lands, invades the premises of his neighbor, by throwing stones and debris thereon, he is liable for the resulting injury, but for any other injury, such as may result from the mere concussion of the atmosphere, sound or otherwise, there is no liability, unless it is shown that the work was done negligently and that the injury was the result of negligence, and not the result of blasting according to the usual methods and with reasonable care.—19 Cyc. 7, 8; *Booth v. R., W. & O. T. R. R. Co.,* 140 N. Y. 267, 273, 278; 35 N. E. 592, 24 L. R. A. 105 37 Am. St. Rep. 552; *French v. Vix,* 143 N. Y. 90, 37 N. E. 612; *Simon v. Henry,* 62 N. J. Law, 486; *Benner v. Atlantic Dredging Co.,* 134 N. Y. 156, 31 N. E. 328, 17 L. R. A. 220, 30 Am. St. Rep. 649-654.

It is unnecessary to consider other matters insisted upon by counsel. We think what we have said will be

12 R

sufficient guide when the case is tried again. On account of the violation of rule 30, in making the bill of exceptions unduly prolix, the appellant will be taxed with one-third of the costs.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.