151 So.2d 229

**VULCAN MATERIALS COMPANY**

**v.**

**Eugene GRACE et al.**

**6 Div. 893.**

Supreme Court of Alabama.

March 14, 1963.

Bankhead & Petree, Jasper, for appellant.

Wilson & Wilson, Jasper, for appellees.

HARWOOD, Justice.

This is an appeal from a judgment for the plaintiffs in a suit wherein they claimed damages for injuries to their property allegedly resulting from blasting operations conducted by the defendant. The plaintiff's damages were assessed at $1750.

The defendant's motion for a new trial being overruled, an appeal was perfected to this court.

For convenience the parties will hereinafter be referred to as the plaintiffs and the defendant.

As originally filed, the complaint contained one count, reading as follows:

"The plaintiff claims of the defendants the sum of $5,000.00 as damages and alleges that on, to-wit, the 1st of April 1960, and subsequent thereto, plaintiff owned and occupied certain property located in Walker County, Alabama, near Jasper, Alabama. Plaintiff avers further that on, to-wit, the 1st day of April 1960, and subsequent thereto the defendants were engaged in blasting operations in or near the plaintiff's premises and on the dates set out above the defendants, their servants, agents or employees, while acting within the line and scope of their employment negligently injured and damaged the plaintiff by negligently setting off an excessive or large charge of dynamite or other explosive near the premises of the plaintiff and, as a proximate consequence and result thereof plaintiff was injured and damaged as follows:

"The earth was caused to vibrate and upheave and two wells belonging to plaintiff and located on plaintiff's premises were caved in and dried up and the water supply was destroyed and, diverted and plaintiff was without water for a long period of time and, was required to expend considerable money, time and effort in drilling other wells and replacing pumps, pump houses, pipe lines, wiring and other accessories to the wells and pumps; plaintiff's water supply was diverted, and permanently damaged and the value of plaintiff's property was greatly reduced in value due to the loss of the water supply; plaintiff was greatly inconvenienced and put to considerable expense and time loss in hauling water for his household needs and for his livestock.

"Plaintiff avers that all of his damages were proximately caused by the negligence of the defendants, their servants, agents, or employees, while acting within the line and scope of their employment on the date and in the manner aforesaid."

A demurrer was filed to the complaint, grounds 11 and 12 thereof specifically pointing out that the complaint failed to describe the lands alleged to have been injured so as to apprise the defendant of the location thereof.

On 29 January 1961, the day of the beginning of the trial below, the plaintiffs amended their complaint by adding Count 2, which reads:

"The plaintiff claims of the defendants FIVE THOUSAND DOLLARS ($5,000.00) as damages and alleges that on, to-wit, the first of April, 1960 plaintiff owned and occupied one hundred acres (100) located in Walker County, Alabama at Carbon Hill, Alabama, Route #2 and plaintiff avers that on, to-wit: the first of April and subsequent thereto, the defendants were engaged in blasting operations in or near the plaintiff's premises and on said date and subsequent thereto the defendants, their agents, servants, or employees, while acting within the line and scope of their employment, did set off large charges of explosives and did throw rocks, stones, dirt and other debris and substances upon the premises of the plaintiff and as a proximate consequence and result thereof, the plaintiff's family was greatly frightened and endangered their life and health, plaintiff's premises and house was damaged, large rocks, stones and other debris was thrown onto the premises and onto the property of the plaintiff; the earth was caused to vibrate and upheave and two wells belonging to the plaintiff was caved in and dried up and the water supply destroyed; plaintiff was put to great expense in seeking other sources of water supply, was greatly inconvenienced and suffered mental pain and anguish and the plaintiff's property was greatly reduced in value, all as proximate result of the actions of the defendants, their agents, servants or employees, while acting within the line and scope of their employment on the date and occasion set out above."

The defendant refiled its demurrer to each count of the complaint, and added additional grounds to the demurrer to the effect that Count 2 sought to join the actions of trespass and case in the same count.

The court overruled the demurrers to both counts, and pleading thereafter was in short by consent.

In Elmore v. Fields, 153 Ala. 345, 45 So. 66, this court stated:

"In an action of trespass * * *, the premises need not be described by metes and bounds, or by the government survey; but it should be sufficiently certain as to the locus in quo to put the defendant on notice of same, and the description should not be misleading."

The description in Count 1 to the effect "plaintiff owned and occupied certain property located in Walker County, Alabama, near Jasper, Alabama," is clearly misleading and so deficient in certainty as to fail to reasonably inform the defendant of the location of the property allegedly damaged by the defendant.

Confusion is added by the description of the property in Count 2, this description being, "plaintiff owned and occupied one hundred acres (100) located in Walker County, Alabama, at Carbon Hill, Alabama, Route #2." We judicially know that Jasper and Carbon Hill are approximately 20 miles apart. See 9 Ala.Dig., Evidence, ⊂⇒ 10(2).

Even so, we think the description of the property as set forth in Count 2 is subject to the same criticism as that made to the description in Count 1.

The court therefore erred in overruling the demurrer to each count of the complaint in the aspects above discussed.

Counsel for appellant argues that the statement in the complaint that the de-

fendant's blasting operations were in or near the plaintiff's premises renders the descriptions of the property in each count certain. In determining the sufficiency of a pleading when tested by demurrer, all presumptions are indulged against the pleader. Without an averment that the defendant was conducting blasting operations in Walker County only in or near plaintiff's premises, and at no other place in Walker County at the time in question, the description of the location of the premises is not aided by the averment that the defendant's blasting operations were in or near plaintiff's property.

■ Counsel further argues that the defendant and its counsel well knew the location of plaintiff's premises, having been there before and after the blasting.

In passing on the sufficiency of pleading, we cannot consider extraneous matters, but must determine its sufficiency solely from its own four corners.

■ We also wish to note, in the event of another trial, that under the evidence submitted, the defendant was entitled to have given his requested written charge, affirmative in nature, as to Count 1.

Count 1, sounding in trespass on the case, avers negligence on the part of the defendant, its agents or employees. The averment of negligence was of course essential in this count in case. The burden was on the plaintiff to establish this allegation. Vibration of plaintiff's land as a result of the explosion was the asserted cause of plaintiff's injuries.

As stated in 22 Am.Jur., Explosions and Explosives, Sec. 54:

"There is a conflict of authority as to whether one who, by blasting with powerful explosives, produces severe concussions or vibrations in surrounding earth and air and so materially damages buildings belonging to others is liable, irrespective of negligence on his own part."

Those jurisdictions holding that negligence need not be averred or proven where damages result from vibration or concussions on the plaintiff's land caused by defendant's blasting, largely take the view that an invasion of another's property by vibrations or concussions is no different from an invasion by casting stones or debris thereon, and such vibratory invasion is as direct as a casting invasion. See 22 Am.Jur., supra, and authorities noted.

However, it is clear under the doctrine of our cases that injuries resulting from "the mere concussion of the atmosphere, sound, or otherwise, there is no liability, unless it is shown that the work was done negligently and that the injury was the result of negligence, and not the result of blasting according to the usual methods and with reasonable care." Bessemer Coal, Iron and Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A.,N.S., 389; Ledbetter-Johnson Co. v. Hawkins, 267 Ala. 458, 103 So.2d 748.

In the present case witnesses for the plaintiff testified to the extent of the explosions. Mr. Grace described one blast as a "terrible shot," and other witnesses testified as to the noise and land vibrations caused by the blasting. However, none of the plaintiff's witnesses had visited the scene of the blasting nor knew whether the blasting operations had been done in a prudent manner. The record is entirely devoid, insofar as the plaintiff's evidence goes, as to any evidence tending to show that the defendant's blasting operations were negligently or improperly conducted.

On the other hand, the defendant presented evidence tending to show that its blasting operations were conducted in accordance with approved blasting practices, and in compliance with laws regulating blasting.

In brief counsel for appellee argues: "We submit that the court did not err in refusing to give the charge as requested" (affirmative in nature) "and cite the case of Ledbetter-Johnson Co. v. Hawkins, 267 Ala. 458, 103 So.2d 748, where the question is

presented as to whether explosions set off at a chert pit that jarred windows out of houses around it, shook houses, cracked houses around the pit, was a result of the negligence of the defendant and this court held that such a question was for the jury."

A reading of the Ledbetter-Johnson opinion, supra, on rehearing, shows clearly that the plaintiff, through an expert witness, presented evidence to the effect that the blasting had been improperly and negligently done. Such positive evidence renders the Ledbetter-Johnson case, supra, inapplicable to the present case where the record is entirely lacking in any evidence tending to show negligence on the part of this defendant.

It is also our conclusion that the lower court erred in overruling the demurrer to Count 2, in that the count joins trespass and case in the same count. Apt grounds of the demurrer pointed out this defect.

■ Counsel for appellees argue that Count 2 charges only trespass, and thereafter sets forth and catalogues certain damages, some of which were non-recoverable. Counsel cites and relies on those cases holding that where different injuries are described in the same count from the same act, the count of the complaint is not rendered demurrable for misjoinder, Birmingham Southern Ry. Co. v. Lintner, 141 Ala. 420, 38 So. 363; Alabama Power Co. v. Cornelius et al., 211 Ala. 245, 100 So. 207, and describing separate and distinct injuries from the same act does not set up separate and distinct causes of action. Alabama Fuel and Iron Co. v. Andrews, 212 Ala. 336, 102 So. 799, and where a complaint imposes a greater duty than the law exacts, any error in overruling a demurrer thereto is cured by the court's charge limiting defendant's liability and duty. Western Union Tel. & Tel. Co. v. Pauley, 157 Ala. 615, 47 So. 654.

A reading of Count 2 shows that it does more than merely catalogue certain injuries not recoverable in trespass.

. The averment of the count that defendants. threw rocks, stones, dirt and other debris and substances upon the premises of the plaintiff (trespass), is separated by a semi-colon from that portion of the complaint averring that "the earth was caused to vibrate and upheave and two wells belonging to the plaintiff was (sic) caved in and dried up * * *" (case). One averment is clearly in trespass, the other in case. A semi-colon is used to separate phrases or clauses dependent on a common proposition. See Semicolon, Websters New International Dictionary. Or, as stated in Woolley, Handbook of Composition, p. 183, it is used "between clauses of a compound sentence that are not joined by a conjunction."

In Count 2, both averring phrases are dependent upon the proposition that the defendant, its servants or agents while acting within the line and scope of their employment, did set off large charges of explosives.

■ The count thus states two separate and distinct causes of action that are such that a good defense to one would not necessarily be a defense to the other, i. e., non-negligent blasting would be a defense to the trespass on the case aspect, but no defense to the trespass action. See McDougal v. Alabama Great Southern R. Co., 210 Ala. 207, 97 So. 730.

■ While separate and distinct causes of action arising from the same wrong may be united in a single complaint in separate counts, our rules of pleading do not sanction uniting separate and distinct causes of action in one count. Clikos v. Long, 231 Ala. 424, 165 So. 394. And more particularly, trespass and trespass on the case cannot be united in a single count. Crotwell v. Cowan, 240 Ala. 119, 198 So. 126; Goodyear Tire and Rubber Co. of Ala., Inc. v. Gadsden Sand & Gravel Co., Inc., 248 Ala. 273, 27 So.2d 578; Sarber v. Hollon, 265 Ala. 323, 91 So.2d 229; McGough v. Wilson, 273 Ala. 179, 137 So.2d 43.

The lower court therefore erred in overruling the demurrer to Count 2 because of misjoinder of trespass and trespass on the case in said count.

For the errors above pointed out, the judgment of the lower court must be reversed.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.