156 So.2d 643

**Phillip P. POUNDSTONE et al.**

v.

**J. F. SEWELL.**

5 Div. 753.

Supreme Court of Alabama.

Sept. 26, 1963.

Rushton, Stakely & Johnston, Montgomery, for appellants.

Howard & Dunn, Wetumpka, for appellee.

PER CURIAM.

This appeal is from a final decree of the Elmore Circuit Court, in equity, awarding relief to complainant on a bill of complaint and other pleadings and evidence that sought "to clear up any and all doubts and disputes concerning" some land described in the bill of complaint. The evidence was taken ore tenus.

Appellants assign several grounds of error upon which they rely to reverse the decree of the trial court and to remand the cause for trial de novo.

 With the exception of assignment of error one, the appellants have not substantially argued the assignments of error. In view of such failure, we will not consider them. Supreme Court Rule 9; Epperson v. Stacey, 266 Ala. 396, 96 So.2d 750[6].

Assignment of error one reads as follows:

**552**

"The Court below erred in failing to furnish Appellants with a complete transcript of the evidence in the cause."

The court reporter who reported the case, after his separation from his duties for the judicial circuit in which the cause was tried, certified the incompleteness of the transcript of the testimony in the case that he prepared and filed. Title 7, Equity Rules, Rule 56. This certification was accompanied with a verified ex parte statement of his efforts to find the missing "stenographic" notes which he took of the missing evidence. It is not necessary for this court to pass upon the legal justification vel non of this explanatory statement.

We have held that it is only the ruling of the trial court which is the subject of an assignment of error. Central of Georgia Railway Company v. McDaniel, 262 Ala. 227, 78 So.2d 290[1, 2]; Madison Limestone Company v. McDonald, 264 Ala. 295, 87 So.2d 539[18].

The record before us fails to show that any proceeding was initiated in the lower court, nor does it show that any ruling of the trial judge was invoked, in an effort to supply the missing evidence.

We pretermit any observations as to the appropriate procedure that could or should have been employed in the lower court to establish the omitted testimony. Such judicial observations here are unnecessary due to foreclosure of further proceedings in this cause by the affirmance here of the lower court's decree. We parenthetically suggest that clarifying legislation would be advisable.

█ Since assignment of error one is without merit for its failure to present any ruling of the trial court, and no other assignments having been argued—which would have been a futile effort in view of the missing testimony—the final decree of the lower court is due to be affirmed, and it is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Affirmed.

LAWSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.