173 So.2d 814

Clyde O. MITCHELL

v.

James P. RICHARDSON.

8 Div. 107.

Supreme Court of Alabama.

Oct. 22, 1964.

Rehearing Denied April 8, 1965.

**652**

H. Neil Taylor, Russellville, for appellant.

Guin, Guin & Cleere, Russellville, for appellee.

PER CURIAM.

Appellee filed his suit in the circuit court of Franklin County to recover damages to his real property proximately resulting from appellant's alleged negligent use of explosives in constructing a public highway near his premises.

The complaint charged that plaintiff's well, from which he obtained water for domestic use, and also for watering his stock and chickens, dried up by reason of such negligent use of explosives, thereby depreciating the value of his real property, which was used for residential occupancy.

The jury returned a verdict for appellee in the sum of $2,000.00, for which amount judgment was duly entered and this appeal is taken therefrom.

The sole question here presented by appropriate assignment of error is whether or not the trial court committed error in overruling defendant's motion for a new trial. The other two assignments of error present no ruling of the court for consideration on this appeal. We have held that it is only the ruling of the trial court which may be the subject of an assignment of error. Poundstone v. Sewell, 275 Ala. 551, 156 So.2d 643(1), and other cases therein cited.

The assignment of error that the trial court erred in overruling appellant's motion for a new trial brings up all questions of law and fact sufficiently set forth in the motion and argued on appeal. Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358(8); Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170(1), 87 A.L.R.2d 1148; § 764, Title 7, Code of Alabama, 1940, as amended by Act

No. 57, appvd. June 10, 1949, Acts 1949, p. 81 (see, also, § 764, Title 7, Recompiled Code of 1958).

The ground of the motion which is sufficiently clear and adequately argued by appellant, numbered 6, says that the verdict of the jury was contrary to the weight and the preponderance of the evidence. Section 276, Title 7, Code of Alabama, 1940.

It appears without challenge that defendant was engaged in constructing a road some 1,000 to 1,900 feet distant from plaintiff's real property and well; that, in such construction, defendant used charges of dynamite fortified with ammonium nitrate and diesel fuel to obtain more power and effect.

The evidence of plaintiff tended to show that explosives were being used to cut through a hill in the path of the road project; that these explosives created severe vibrations so as to shake his residence, and, also, "shook the whole hill * * *." One witness for plaintiff testified that the blasts shook his home one-half to three-quarters of a mile distant. Neither the plaintiff nor defendant offered any expert testimony as to whether or not the explosives used on the road building project near plaintiff's home had been done in a prudent or imprudent manner. The record is entirely devoid, in so far as plaintiff's evidence goes, as to any evidence tending to show that the defendant's blasting operations were negligently or improperly conducted. Not one witness introduced by plaintiff was present at the scene when the blastings occurred. Evidence here as to the noise and land vibrations caused by the blastings was insufficient, without more, to prove that the defendant was guilty of negligence as charged in the complaint.

We think this case falls within the rule enunciated in Vulcan Materials Company v. Grace, 274 Ala. 653, 151 So.2d 229, from which we quote as follows:

"However, it is clear under the doctrine of our cases that injuries resulting from 'the mere concussion of the atmosphere, sound, or otherwise, there is no liability, unless it is shown that the work was done negligently and that the injury was the result of negligence, and not the result of blasting according to the usual methods and with reasonable care.' Bessemer Coal, Iron and Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A., N.S., 389; Ledbetter-Johnson Co. v. Hawkins, 267 Ala. 458, 103 So.2d 748.

"In the present case witnesses for the plaintiff testified to the extent of the explosions. Mr. Grace described one blast as a 'terrible shot,' and other witnesses testified as to the noise and land vibrations caused by the blasting. However, none of the plaintiff's witnesses had visited the scene of the blasting nor knew whether the blasting operations had been done in a prudent manner. The record is entirely devoid, insofar as the plaintiff's evidence goes, as to any evidence tending to show that the defendant's blasting operations were negligently or improperly conducted.

"On the other hand, the defendant presented evidence tending to show that its blasting operations were conducted in accordance with approved blasting practices, and in compliance with laws regulating blasting.

"In brief counsel for appellee argues 'We submit that the court did not err in refusing to give the charge as requested' (affirmative in nature) 'and cite the case of Ledbetter-Johnson Co. v. Hawkins, 267 Ala. 458, 103 So.2d 748, where the question is presented as to whether explosions set off at a chert pit that jarred windows out of houses around it, shook houses, cracked houses around the pit, was a result of the negligence of the defendant and this court held that such a question was for the jury.'

"A reading of the Ledbetter-Johnson opinion, supra, on rehearing, shows

clearly that the plaintiff, through an expert witness, presented evidence to the effect that the blasting had been improperly and negligently done. Such positive evidence renders the Ledbetter-Johnson case, supra, inapplicable to the present case where the record is entirely lacking in any evidence tending to show negligence on the part of this defendant.

"It is also our conclusion that the lower court erred in overruling the demurrer to Count 2, in that the count joins trespass and case in the same count. Apt grounds of the demurrer pointed out this defect."

■ The burden of proof to establish negligence on the part of the defendant as alleged in the complaint was on plaintiff. Vulcan Materials Company v. Grace, supra (8).

We hold that the evidence was insufficient to sustain the jury's verdict and the judgment entered thereon, and that the motion for a new trial should have been granted.

It is ordered that the judgment of the court be and is hereby reversed and the cause remanded for further proceedings as the parties may elect.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.

### ON REHEARING.

### PER CURIAM.

In view of the intemperate brief filed by counsel for appellee in support of appellee's application for rehearing, we have carefully reconsidered our original opinion and are clear to the conclusion that it is correct in view of the well-established doctrines as enunciated in Vulcan Materials Co. v. Grace, 274 Ala. 653, 151 So.2d 229, and Ledbetter-Johnson Co. v. Hawkins, 267 Ala. 458, 103 So.2d 748 (on rehearing.)

■ In his brief on rehearing counsel for appellee states, "We would remark in this connection that the plaintiff, Mr. Richardson, testified to his own familiarity and long use of explosives and in substance that he is an expert along that line." A reading of Mr. Richardson's testimony discloses that he testified that the defendant had used dynamite and ammonium nitrate and some diesel oil in his blasting operations, and that ammonium nitrate and diesel oil increases the power of dynamite blasts. There was no other reference to explosives. This is certainly not testimony by Mr. Richardson as to "his own familiarity and long use of explosives," and is not, by any tortured inference, testimony that he is an expert in the use of explosives.

Appellee's counsel's characterization of Russell Mallot's testimony as being evasive is likewise not borne out by the record.

It is not in any wise necessary for this court to overrule the cases of Birmingham Gas Co. v. Sanford, 226 Ala. 129, 145 So. 485, and Atlas Portland Cement Co. v. Sharpe, 209 Ala. 464, 96 So. 632, in denying the application for rehearing in this case, as counsel contends.

The Sanford case, supra, involved mainly the question of whether the plaintiff was properly allowed to amend his complaint by adding his wife as a party plaintiff, in view of the fact that the action was in case with a statutory bar of one year. There was also incidentally involved three charges which the court held were properly refused. In its opinion the court specifically stated that no useful purpose would be served in

reviewing the evidence, and that no question involving the correctness of that finding was presented on appeal.

In the Sharpe case, supra, the complaint averred that the defendant "caused or permitted to be fired in said rock quarry in proximity to the town of Leeds, Ala. (where plaintiff's property was, as the count averred) a heavy charge of dynamite, to wit, 13,000 pounds." The count further alleges the damages done to the plaintiff's property there and that "said damages were the proximate consequence and caused by reason of the negligence of the defendant." This latter averment, the court said "characterizes the defendant's act in firing the charge as negligently done," and was a sufficient averment of negligence.

In holding that the demurrer to this count was properly overruled the court stated, "Here the complaint was of injury to property in the neighborhood by causing great shock, and the pleader was properly allowed to state the facts, which in themselves may have been ambiguous, and draw the conclusion of negligence." Counsel for appellee seems to be of the view that a statement of the amount of dynamite set forth in the complaint disposes of the plaintiff's burden of proving negligence in the blasting operation. The Sharpe case enunciates no such doctrine, but merely goes to the sufficiency of the averment of negligence.

As stated in our original opinion, the record is completely lacking in any proof that the defendant was negligent in his blasting operations. The burden was upon the plaintiff to show this negligence. He utterly failed in carrying his burden in this regard.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.