224 So.2d 251

**COALITE, INC.**

v.

**Hattie WEEKS.**

**6 Div. 548.**

Supreme Court of Alabama.

May 1, 1969.

Rehearing Denied July 3, 1969.

---

220

James K. Davis, Hamilton, for appellee.

SIMPSON, Justice.

This is an appeal from a judgment for the plaintiff in a suit claiming damages for injury to the property of the plaintiff resulting from blasting operations conducted by the defendant.

The plaintiff alleged that the defendant was engaged in blasting operations for the mining of coal at places in close proximity to the plaintiff's property; that the defendant negligently drilled holes in the ground and negligently set off charges of high explosives resulting in damage to the plaintiff's dwelling house in that it was shaken, jarred and vibrated, and as a proximate result of the explosions and negligence of the defendant, windows were broken out of the plaintiff's house and cracks occurred in the outside and inside walls thereof.

The case went to the jury which returned a verdict in favor of the plaintiff in the amount of $5,000.00. This appeal followed.

Bankhead, Petree & Savage, Jasper, for appellant.

While the appellant has assigned some fifty-five assignments of error, the gravamen of its contention is that the court erred in submitting the case to the jury on the evidence adduced, the contention being that the plaintiff did not carry her burden of proving that the damage to her house was the proximate result of the negligence of the defendant.

In a long line of cases—Bessemer Coal Iron and Land Company v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A., N.S., 389; Mitchell v. Richardson, 277 Ala. 651, 173 So. 2d 814; Vulcan Materials Company v. Grace, 274 Ala. 653, 151 So.2d 229; Ledbetter-Johnson Company v. Hawkins, 267 Ala. 458, 103 So.2d 748—this court has held that injuries resulting from "the mere concussion of the atmosphere, sound, or otherwise" are dependent for their recovery upon showing that the work was done negligently and that the injury was the result of that negligence, and not the result of blasting according to the usual methods and with reasonable care. In all of these cases this court recognized that the law is different in some jurisdictions in that it is not necessary that negligence be averred or proven where damages result from vibration or concussion on the plaintiff's land caused by the defendant's blasting.

The parties to this litigation are in agreement that it is necessary in this state that the plaintiff allege and prove that the blasting operations of the defendant were conducted in a negligent fashion. The disagreement in this case consists in the plaintiff's assertion that she carried this burden, and the defendant's assertion that she has not. Inasmuch as that is the case we have carefully read all of the evidence taken in the trial court. The plaintiff testified that she had lived in her house for twenty-eight years and that during the spring and summer of 1966 the defendant was blasting about a half mile from her house. She testified that "A great impact would come. My dishes would rattle in the cabinets"; that one such blast broke the window in her bedroom; that her house began to crack all over. "I didn't know what happened and until it got to rocking so much when these great impacts would come and broke the windows out then I knew what was doing it and it just got a little worse and a little worse all the time."

Following the plaintiff's testimony a neighbor, Mr. Baccus, testified for the plaintiff. Mr. Baccus testified that he owned land just north of that of the plaintiff and that he knew that the defendant was mining adjacent to his land. He testified that he had heard some explosions go off. His testimony was in this respect as follows:

"At times I would feel a little earth tremor" (when a blast went off).

"Q. Would it ever shock or shake your house?

"A. I could feel a tremor. * * *

"Q. Did you have one particular explosion that you complained of to the manager of Brilliant Coal Company and Coalite about?

"A. No.

"Q. Did you have one that you talked to Mr. Markham and to Mr. Wheeler about, the man that was doing the blasting? * * *

"A. One day I said 'That was pretty loud' or something but it was just in the form of laughing and talking with each other.

"Q. What complaint did you make?

"A. I didn't make a complaint exactly. We were just teasing. We were just laughing and talking around where they were working, and I said, 'I believe that was a pretty strong one'. We just stopped at that. I didn't make a complaint, that I would say."

This witness then testified that Mr. Markham, an agent or employee of the defendant, told him, "He said it might have been a little light to scatter rock. He said it might have been a little light surface. I'm not quoting his words, but what I got from what he said was probably that the cover was a little under what they estimated and the shot

was probably stronger than was needed, but I couldn't quote his words but that is the way. There wasn't any complaint on my part."

Other witnesses testified on behalf of the plaintiff. But the testimony of Mr. Baccus is the only evidence on behalf of the plaintiff's case tending to show any negligence on the part of the defendant in their blasting operations. Other witnesses testified that they knew that the defendant was blasting in the vicinity complained of. Witnesses testified to the effect that they had observed cracks in the plaintiff's house. And other witnesses testified to the effect that the plaintiff's house had decreased in value after the cracks had appeared.

The plaintiff did put on a witness who had testified that he had been engaged in the strip mining business for a period of thirty-seven days at one time in which he used explosives. However, this witness was unable to testify with respect to the defendant's operations. He testified generally that a blasting operation could be conducted as near to the plaintiff's house as the defendant was conducting such operation without damaging a house situated at such a distance. The witness, however, did not testify with respect to the defendant's operation.

On the other hand, the defendant put on testimony to the effect that its mining operations were being conducted in accordance with the usual practice in the mining industry and that its blasting operations were being conducted in a careful and prudent manner.

█ Under the circumstances of this case we must hold as we did in Vulcan Materials v. Grace, supra, that the plaintiff in this case has failed to meet the burden which the law places on her in this state to prove that the damage to her property was the result of the negligent blasting by the defendant. The plaintiff states in brief that she is relying upon Ledbetter-Johnson Company v. Hawkins, supra. It is admitted that the case is "almost exactly as the instant case in pleading and in proof". However, as noted by this court in Vulcan Materials Company v. Grace, supra:

"A reading of the Ledbetter-Johnson opinion, supra, on rehearing, shows clearly that the plaintiff, through an expert witness, presented evidence to the effect that the blasting had been improperly and negligently done. Such positive evidence renders the Ledbetter-Johnson case, supra, inapplicable to the present case where the record is entirely lacking in any evidence tending to show negligence on the part of this defendant."

So here, we must conclude after a very careful reading of all of the evidence adduced below that the plaintiff has failed to meet the burden which the law of this state places upon her. It may well be that this state should adopt the rule that vitiates the necessity of the plaintiff's having to allege and prove negligence in a case of this kind. However, to do so in light of so much precedent would be judicial legislation at its most obvious. Likewise, to construe the scintilla rule to mean that the plaintiff has made a jury question based upon the evidence shown by this record would be in effect the adoption of the rule prevalent in many states requiring no proof of negligence. Such we believe is precluded by the blasting cases which have heretofore been before this court.

Reversed and remanded.

LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur.