The applicants for rehearing ask:
"What pressing reasons clamor for adopting of the rule of liability without fault, and the abandonment of the rule of negligence?"
The appellees also state that given this state's scintilla rule, there is no need for changing the standard of negligence as applied to blasting. They say: "It is axiomatic that in light of this state's scintilla rule, a properly prepared case demonstrating even the slightest gleam or glimmer of negligence is a case to be submitted for jury determination. There are many blasting cases that have come before this Court that demonstrate the ease with which this can be done." They then cite Crawford Coal Company v. Stephens, 382 So.2d 536 (Ala. 1980). The applicants for rehearing also state that the decision of the majority was made without the necessary scientific and empirical data required for a comprehensive decision and without the input necessary to determine what effect the decision would have on the development of Alabama and the growth of its industry.
The applicants for rehearing, of course, raise some interesting questions, questions *Page 262 
which I wrestled with conscientiously before concurring in the original opinion. Let me now state the reasons why the present state of the law compelled me to take the position I took.
As the applicants correctly point out, Crawford Coal is an example of the ease with which negligence can be proved. If the majority opinion totally abolished the fault concept in blasting cases, as applicants for rehearing fear it does, and as some of the dissenters contend it does, then the majority opinion would be bad law, but the majority opinion clearly retains the fault concept by requiring proof of proximatecausation. A close reading of Crawford Coal against the backdrop of Coalite's Inc. v. Weeks, 284 Ala. 219,224 So.2d 251 (Ala. 1969), shows that the step taken by this decision is indeed only a short one. It certainly is not a giant leap.
I share some of the same concerns the applicants have about the role of this Court when faced with a rule which no longer serves the public good. In Henderson v. Wade Sand and GravelCorp., 388 So.2d 900 (Ala. 1980), I dissented on the ground that if the rule of law stated in prior decisions of this Court no longer served the public good and did not strike a balance between the competing interests, the remedy should come from the Legislature which was best suited to consider and evaluate the competing rights, duties and societal interests. The question may be asked, and appropriately so, why this case is different.
I think this case is different, because in Crawford Coal,supra, this Court affirmed a judgment based upon proof which essentially only connected the blasting as the proximate cause of the injury.
The majority decision still requires a plaintiff to show that blasting was the proximate cause of the plaintiff's injury and damage. While the decision does lighten plaintiff's burden of proof quantitatively, it does not necessarily do so qualitatively.