LAND, J.
The accused, indicted for the larceny of “one yearling,” pleaded not guilty, and were tried before a jury, and found guilty as charged. Motions for a new trial, and in arrest of judgment, were filed and overruled, and the accused were each sentenced to imprisonment in the state penitentiary for two years.
The accused have appealed, and rely for reversal on a bill of exception taken to the action of the court in overruling their motion in arrest of judgment.
The accused were indicted under Act 64 of 1910, making it a felony to steal any “cow, bull, ox, calf, or any other species of cattle” ; and the ground for the motion in arrest was that the indictment was defective in not alleging that the “yearling” was of the cow Mnd or species.
The trial judge overruled the motion for the following reasons:
“(1) That the word ‘yearling’ is commonly accepted as meaning a young animal of the cow kind.
“(2) That this matter should have been brought to the attention of the court in motion to quash, and not in motion in arrest.”
On Motion to Dismiss.
[1] The state has moved to dismiss the appeal, on the ground that in the order for appeal the return day was not fixed, as required by Act No. 106 of 1908. The accused moved for an appeal returnable according to law, and cannot be prejudiced by the failure of the judge to fix a return day in the order of appeal. See State v. Augustus, 129 La. 617, 56 South. 551. The motion to dismiss is therefore overruled.
On the Merits.
[2] Counsel for the accused argue that the word “yearling,” as defined by Webster, means a “young animal, one year old, or in the second year of his age,” and, as the term is applicable to all domestic animals, it is too indefinite to change the special offense created by Act No. 64 of 1910.
In their brief counsel for the accused quote from State v. Brookhouse, 10 Wash. 87, 38 Pac. 862, as follows:
“Cattle in law includes all the domestic animals, so that an information charging the theft of cattle is too indefinite to support a charge of theft of steers.”
The word “cattle” was not used in this sense in Act No. 64 of 1910, but to indicate animals, of the cow kind. In other words, the lawmaker used the term “cattle” in the popular sense. The word “yearling,” in its popular sense, indicates an animal of the cow kind as clearly as the word “cattle.”
Conceding, however, for the sake of argument, that the description of the alleged stolen property was indefinite, the defect was curable by amendment, and cannot be taken advantage of after verdict. Revised Statutes, § 1047; State v. Johnson, 29 La. Ann. 718; State v. Jacobs, 50 La. Ann. 448, 23 South. 608.
Judgment affirmed.