18 So.2d 138

## HENRY v. STATE.

### 6 Div. 7.

Court of Appeals of Alabama.

Feb. 8, 1944.

Rehearing Denied March 21, 1944.

Affirmed on Mandate May 23, 1944.

Ward & Ward, Tom B. Ward, Tom B. Ward, Jr., and J. Monroe Ward, all of Tuscaloosa, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted "of receiving and concealing stolen property as charged in the indictment;" and his punishment fixed at imprisonment in the penitentiary for the term of two years.

The single count of the indictment on which he was tried and convicted was, omitting the formal parts, in words and figures exactly as follows, to-wit: "1. The Grand Jury of said County charge that before the finding of this Indictment Earnest Henry did buy, receive, conceal or aid in concealing one jersey heifer of the value of about $20.00, one white faced yearling of the value of about $40.00, the personal property of Pride Edwards, knowing that they were stolen and not having the intent to restore them to the

owner, against the peace and dignity of the State of Alabama."

We have given that careful study to the record, including the bill of exceptions, which the Statute requires. And we have reached the conclusion that no error prejudicial to appellant intervened on his trial —provided the indictment was sufficient, as against the demurrers interposed. It would be a waste of time and effort, and a useless consumption of space, to discuss any ruling other than the one by which the learned trial court overruled appellant's demurrers to the said indictment.

It is statutory law that "the indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment * * *." Code 1940, Tit. 15, Sec. 232.

Also, that "in an indictment for the larceny of any animal, *or for any other public offense committed in reference to any animal,* it is sufficient to describe the animal by such name as, in common understanding, embraces it, without designating its sex." (Italics supplied by us.) Code 1940, Title 15, Sec. 246.

In reference to an indictment not distinguishable in principle from the one in this case, certainly in so far as any claimed defect was concerned, the Supreme Court of Louisiana said: "The word 'yearling,' in its popular sense, indicates an animal of the cow kind as clearly as the word 'cattle.'" State v. Majors, 131 La. 466, 59 So. 904, 905.

And our own Supreme Court has said: "The term 'Cattle' in its 'usual acceptation in common language' (Code 1940, Tit. 15, Sec. 233), in this jurisdiction embraces only animals of the cow kind." Seals v. State, 239 Ala. 5, 194 So. 682, 683. And see Bell v. State, 175 Ark. 1169, 1 S.W.2d 1006; Barron v. San Angelo Nat. Bank, Tex.Civ.App., 138 S.W. 142; and Moran v. State, 160 Miss. 598, 135 So. 209.

So, left to ourselves, we would say that the indictment in this case was sufficient against demurrer. To us it clearly and with adequate definiteness means that appellant was charged with buying, receiving, concealing, or aiding in concealing "one jersey heifer of the value of about $20 *and* one white faced yearling *of the*

*cow kind* of the value of about $40, the personal property of etc."

But appellant's able and industrious counsel have ferreted out and produced for our attention the decision of our Supreme Court in the case of Stollenwerk v. State, 55 Ala. 142, which, so far as we can find or are advised, has never been altered or modified—unless by remote analogy. See Seals v. State, supra.

Code 1940, Tit. 13, Sec. 95, reads in pertinent part as follows, to-wit: "The decisions of the supreme court shall govern the holdings and decisions of the court of appeals."

In the face of the Statute just next above quoted we do not feel that we should hold the decision in Stollenwerk v. State, supra, departed from, by any mere line of reasoning that might occur to us. If it is to be changed it seems to us the alteration could only be made by our Supreme Court.

The capable and courageous Assistant Attorney General here representing the State does not hesitate to "point the way" to avoid the obstacle of the holding in the said Stollenwerk case, supra.

He asserts: "It is submitted by the State that the Stollenwerk case, decided in 1876 at a time when the administration of justice was hindered and hampered by the many illogical and unreasonable technicalities of the ancient common law, cannot, standing as it does alone, establish a precedent which this Honorable Court must follow. It is true that a defendant must, by the indictment against him, be sufficiently apprised of the charge, but it is also true that a court of justice will not bind and fetter itself with restraining and unintelligible obstacles."

Those are fine words. But we call attention once more to the quoted portion of Code 1940, Tit. 13, Sec. 95. And we here set out what our Supreme Court had to say in its opinion in the *not yet overruled* decision in the aforementioned Stollenwerk case, viz.: "Any animal in the second year of its growth is a 'yearling.' The description in the present indictment is too indefinite. It may include many animals, for the stealing of which the act of February 20, 1875 does not provide. If the indictment had charged, that the animal stolen, describing it, was 'an animal of the cow kind,' it would have been sufficient. Nor is the indictment a sufficient charge of petit larceny. The animal may have

been one which had no recognized money value."

The indictment in the Stollenwerk case was not distinguishable, in the particular brought under attack, from the indictment in the instant case.

Appellant's demurrers seem to raise, here, the point decided in the Stollenwerk case, supra. At least both the Attorney General and we have concluded that they do.

And measuring our duty by the law which we feel governs us we must and do, hold that the learned nisi prius judge was in error in overruling appellant's demurrers to the indictment.

For this error the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Henry v. State, 245 Ala. 487, 18 So.2d 140.