30 So.2d 735
**MITCHELL v. CITY OF DOTHAN.**
4 Div. 952.

Court of Appeals of Alabama.
Aug. 1, 1946.

Rehearing Denied Oct. 8, 1946.

J. Hubert Farmer and L. A. Farmer, both of Dothan, for appellant.

W. C. Farmer, of Dothan, for appellee.

BRICKEN, Presiding Judge.

The question involved in this case is the ight to recover back cash bail taken without authority.

The facts as shown by the record in this case are, briefly, that plaintiff (appellant) was arrested by police officers of the City of Dothan for a violation of a city ordinance. She deposited with said City of Dothan the sum of $102 in cash in lieu of bail for her appearance. She failed to appear in the Recorder's Court to answer the charge against her, and the said court forfeited to the city said sum of $102 so deposited by her in cash in lieu of bail. There was no ordinance of the City of Dothan authorizing a deposit of money in lieu of bail.

In this proceeding, appellant filed her suit in the circuit court of Houston County against the City. The complaint contained three counts:

"(1) For money had and received.

"(2) The plaintiff claims of the defendant the other and further sum of $102.00 for that on, to-wit, October 28, 1943, the plaintiff was arrested by police officers of the City of Dothan for an alleged violation of a City Ordinance, the charge being public indecency and/or disorderly conduct; that on said date she deposited with said City of Dothan the said sum of $102.00 in cash in lieu of bail for her appearance in the Recorder's Court of the City of Dothan on the following Monday, which was, to-wit, November 1, 1943; that on said, to-wit, November 1, 1943, plaintiff failed to appear in said Recorder's Court of the City of Dothan to answer said alleged charge against her and thereupon the Recorder of said Court forfeited to the City of Dothan said sum of $102.00, so deposited by plaintiff in cash in lieu of bail; and that on both of said dates, said City of Dothan was without ordinance or statutory authority to receive said deposit of money in the said sum of $102.00 in lieu of bail for the appearance of plaintiff in said Recorder's Court, wherefore plaintiff sues.

"(3) The plaintiff claims of the defendant the other and additional sum of $102.00 damages for the conversion by it on, to-wit, November 1, 1943, of the following property, to-wit, $102.00 in cash, the property of plaintiff."

The defendant interposed demurrers to the complaint which were sustained by the trial court as to counts 2 and 3. It is conceded that the demurrer to count 3 was properly sustained.

The defendant then filed pleas to count one of the complaint, the general issue and five special pleas. The plaintiff demurred to each of the said special pleas and the Court sustained the demurrer to pleas 2, 4, 5 and 6, holding plea 3 to be good. This ruling was made on September 24, 1945, and on October 17, 1945, the plaintiff took a non suit on account of the adverse rulings of the Court in sustaining demurrer to counts 2 and 3 of the complaint, separately and severally, and on account of the adverse ruling of the Court in overruling plaintiff's demurrer to defendant's plea 3 to count 1 of the complaint.

It appears from the foregoing, that the only propositions involved are whether count 2 of the complaint is a good count, and whether plea 3 to count 1 of the complaint is a good plea. These propositions involve the same question of law.

Upon this appeal counsel for respective parties have filed able and exhaustive briefs, citing cases from this, and many other jurisdictions; from which there appears much conflict in the authorities upon the sole question involved here. We perforce must be governed by the opinions and decisions of our Supreme Court. The Statute so provides: Title 13, Section 95, Code of Alabama, 1940.

Among the cases cited in briefs is that of Butler et al. v. Foster, 14 Ala. 323. As we see it that case is conclusive upon the questions in issue, and under discussion. The opinion in said case has been standing upon the Supreme Court Reports for nearly 100 years. It has never been disturbed, modified or overruled, and, as stated is binding and controlling upon this court un-

der the Statute, supra. See Constitution of Alabama 1901, Section 140.

▮ Likewise, the opinions, decisions, etc., of the Supreme Court are not only directory, but are also binding and controlling on the inferior jurisdictions, which of course include the nisi prius courts.

▮ In the Butler case, supra, our Supreme Court said:

"The nature of bail, is, that the accused is delivered from the custody of law, into the custody of his bail, who become sponsers for his appearance, to answer the charge for which he was arrested, and although the circuit judges, justices of the peace, sheriffs, and other officers, in the various instances prescribed by law, are authorized to admit to bail, taking bond or recognizances for the appearance of the accused, yet no statute permits any, or either of these officers to receive from the accused a deposit of money, in lieu of bail, or to order him to pay a sum of money into court, as a substitute for bail."

And further, the court held, that the money was paid under an order that was void and that said money still belonged to the person who paid it and has not become the property of the State or of the county.

▮ In line with the foregoing, it appears that inasmuch as the police officers of Dothan were without authority to accept this deposit of money from the plaintiff, the money remained the property of plaintiff, although it was declared forfeited. The city could acquire no valid claim to the money by such proceedings. Therefore the money so deposited by plaintiff may be recover by her in this suit.

The trial court held to the contrary. We are of the opinion that count two of the complaint was a good count, and not subject to demurrer. We are further of the opinion that the demurrer to defendants plea 3 was well taken and should have been sustained.

From what has been said the judgment from which this appeal was taken is reversed and one here rendered in favor of plaintiff for the amount sued for and costs of this proceeding. Butler et al. **v.** Foster, 14 Ala. 323.

Reversed and rendered.