229 So.2d 539

**COALITE, INC., a Corp.**

**v.**

**Leethel ALDRIDGE and Lorene Aldridge.**

**6 Div. 638.**

Supreme Court of Alabama.

Sept. 4, 1969.

**138**

Bankhead, Petree & Savage, Jasper, for petitioner.

Bill Fite, Hamilton, opposed.

Thomas Taliaferro, Forman, Burr & Murray, and P. P. Vacca and Cato & Hicks, Birmingham, amici curiae, in support of the petition.

HARWOOD, Justice.

This is a blasting case in which there was no evidence produced by the plaintiffs to the effect that the defendant's blasting operations were carried on in a negligent manner. In affirming a judgment for the plaintiffs, the Court of Appeals, 229 So.2d 524, has written:

> "The judgment below can only be upheld if the evidentiary rule of res ipsa loquitur applies to prove negligence as a product of vibrations or concussions from blasting. We hold it does and affirm."

As acknowledged in the opinion of the Court of Appeals, the rule in this state since Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A., N.S., 389, decided in 1907, has been that for injuries resulting from concussion or vibration, as distinguished from a trespass by casting of debris or rocks onto the land of another, where one is lawfully blasting on his own property, there is no liability, unless it is shown that the injury was the result of negligence in the blasting operation. See Ledbetter-Johnson Co. v. Hawkins, 267 Ala. 458, 103 So.2d 748; Vulcan Materials Co. v. Grace, 274 Ala. 653, 151 So.2d 229; Mitchell v. Richardson, 277 Ala. 651, 173 So.2d 814; Lehigh Portland Cement Co. v. Dobbins, 282 Ala. 513, 213 So.2d 246; Coalite, Inc. v. Weeks, 284 Ala. 219, 224 So.2d 251.

The Court of Appeals, while alluding to the number and size of the detonations did not, and we think properly, consider these factors in and of themselves to be sufficient to supply the requisite evidence of negligence heretofore required to be shown under our decisions.

This deficiency, i. e., plaintiffs' lack of evidence to prove negligence, has however been overcome by the Court of Appeals by the application of the doctrine of res ipsa loquitur. The Court of Appeals has felt free to apply this doctrine to blasting cases since none of the opinions of

this court have excluded the evidentiary aid of res ipsa loquitur. The effect of the application of the doctrine of res ipsa loquitur by the Court of Appeals is to ignore the doctrine established by the decisions of this court through the years that in blasting cases where the damages result from non-trespassing conduct by the defendant lawfully setting off explosives on his own land, the burden is upon the plaintiff to show that such damages proximately resulted from the negligent conduct of the defendant. Implicit in such doctrine is the rejection of the application of res ipsa loquitur.

In Lehigh Portland Cement Co. v. Donaldson, 231 Ala. 242, 164 So. 97, this court held that when stones or debris are not cast upon the plaintiff's land, an allegation of negligence on the defendant's part in conducting blasting operation is necessary. It would follow that an allegation of negligent conduct on the defendant's part being necessary in a complaint claiming damages resulting from a non-trespassing blasting operation, proof of such negligence is necessary, and such proof cannot be supplied by a presumption created by the doctrine of res ipsa loquitur. In Harbison-Walker Refractories Co. v. Scott, 185 Ala. 641, 64 So. 547, it is declared that blasting in itself is a lawful and proper use of one's land. Liability is dependent on negligence.

In Republic Steel Corporation v. Peoples, 5 Cir., 217 F.2d 236, suit was for damages resulting from blasting operations. Judgment in the District Court was for the plaintiffs. The plaintiffs did not produce evidence tending to show specific negligence on the part of the defendant, but rested its case on showing the fact of explosions and the damages to their houses following the explosions. The defendant introduced evidence directed toward showing that its blasting operations were in accordance with the generally accepted blasting practices accepted in the community.

Pointing out that the blasting having occurred in Alabama the law of Alabama was controlling, the court set forth the rules established by this court as to liability in blasting cases in those situations where there is a trespass by casting of stones or debris, and those cases where the damage results from concussion or vibrations. As to the application of the doctrine of res ipsa loquitur to the latter situation the court wrote:

> "* * *. The doctrine of res ipsa loquitur has no place in actions of this type. The burden is on the plaintiffs to show some specific act or acts of negligence, and to show further that such negligence directly contributed to the result. Mere proof that the residential structures were damaged by blasting would not alone sustain the actions. It must further appear that the defendant company in using explosives, violated a duty owing by it to the plaintiffs in respect to their property or failed to exercise due care. Wrong and damage must concur to create a cause of action." (217 F.2d at 238)

We consider that the Court of Appeals erred in applying the doctrine of res ipsa loquitur to reach its conclusion, a conclusion not in accord with the settled doctrines enumerated in the decisions of this court. These doctrines are binding on the Court of Appeals. § 95, Title 13, Code 1940; Mitchell v. Dothan, 33 Ala.App. 19, 30 So.2d 735; Henry v. State, 31 Ala.App. 444, 18 So.2d 138.

The judgment of the Court of Appeals is due to be reversed, and it is so ordered.

Reversed and remanded.

All of the justices concur except SIMPSON, J., not sitting.