SCHWARTZ, ALAN R., Associate Judge.
The appellants-homeowners’ terrazzo floor was allegedly cracked and damaged immediately upon the appellee-exterminator’s activity in drilling holes to inject poison in a concrete slab adjacent to the home. The only significant point on this appeal from a judgment entered after a jury verdict for the exterminator challenges the trial judge’s refusal to give the standard jury instruction, 4.6, on res ipsa loquitur. We have determined that the charge was properly declined and therefore affirm the judgment below on the basis of our conclusion that the circumstances of the incident in question do not reflect that “the occasion would not [in the ordinary course of events] have occurred in the absence of negligence, “Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 336 So.2d 1221, 1223 (Fla. 4th DCA 1976), and that the res ipsa doctrine is therefore inapplicable. Cf. Stanolind Oil & Gas Co. v. Lambert, 222 S.W.2d 125, 126 (Tex.Civ.App.1949); V. N. Green & Co. v. Thomas, 205 Va. 903, 140 S.E.2d 635 (1965); Coalite, Inc. v. Aldridge, 285 Ala. 137, 229 So.2d 539 (1969).
Affirmed.
ANSTEAD and MOORE, JJ., concur.