Plaintiffs-appellants, Albert D. and Bonnie A. Lipscomb, filed suit in circuit court alleging that defendant-appellee, Hercules, Inc. so negligently operated its chemical plant that an explosion occurred, proximately causing damage to their home which was located approximately one mile away from the plant. The Lipscombs subsequently filed an amended complaint adding Counts A and B. Count A alleged damage caused by an explosion of nitroglycerin, "a dangerous instrumentality" and Count B alleged damage by "defendant's trespass . . . causing the plaintiff's property to be invaded by concussions and vibrations from said explosion. . . ." At the close of the *Page 84 
Lipscombs' case, the trial court granted a Motion for Directed Verdict as to Counts A and B. Proceeding on the negligence count, the court charged the jury on that issue alone at the close of the evidence and the jury returned a verdict in favor of Hercules. From judgment entered on the verdict and denial of the Lipscombs' motion for a new trial or judgment notwithstanding the verdict, the Lipscombs bring this appeal.
The first issue presented is whether the trial court erred in granting a motion for directed verdict on Count A of the amended complaint.
The Lipscombs assert that Count A stated a claim for relief on the basis of strict liability. If it did not, then Hercules is correct in urging that a party cannot try his case on one theory and then appeal on a separate theory. Vaughn v. Thomas,372 So.2d 1309 (Ala. 1979); Bailey v. City of Mobile, 292 Ala. 436, 296 So.2d 149 (1974). Assuming arguendo that Count A of the amended complaint was sufficiently framed to sound in strict liability, we find no error in the directed verdict as to that count.
In the first instance, the Lipscombs' reliance on the recent opinion of the Alabama Supreme Court in Harper v. RegencyDevelopment Company, 399 So.2d 248 (Ala. 1981) is not acceptable. Harper involved the deliberate and intentional setting off of explosives in a blasting operation. The case before us involves an unintentional and accidental explosion arising from the manufacture or storing of explosives.
Secondly, even if strict liability could be said to apply to the manufacturing and/or storing of nitroglycerin, the trial court in ruling on a motion for directed verdict at the close of the Lipscombs' case was bound by the evidence, or lack thereof, in the record at that point. The record before us is void of proof on several of the elements requisite to a claim in strict liability as delineated in Harper. We would further note that we would not be inclined to apply Harper and the Restatement (Second) of Torts espoused therein retroactively to this case which was tried to a jury on the theory of law then recognized in this state. Atkins v. American MotorsCorporation, 335 So.2d 134 (Ala. 1976) and Casrell v. AltecIndustries, Inc., 335 So.2d 128 (Ala. 1976), cited by the Lipscombs, are likewise inapplicable to the case before us. These cases did apply strict liability, but recovery was based on an extended manufacturer's liability doctrine. We are not here concerned with the manufacture or sale of a dangerously defective product causing damage in the hands of the ultimateconsumer or user.
The second issue presented is whether the trial court erred in directing a verdict against the Lipscombs on Count B of the amended complaint sounding in trespass. To hold this to be error would require a finding by this court that anunintentional invasion of the Lipscombs' property by concussions and vibrations absent the depositing of anyparticulate matter is a trespass. We do not so find.
The Lipscombs rely heavily on the decision in Borland v.Sanders Lead Company, 369 So.2d 523 (Ala. 1979). Contrary to their argument in brief, Borland does not lead to the inescapable conclusion that invasion by concussion will amount to an actionable trespass. In Borland, the property owner was seeking recovery for the pollution of his property by lead particulates and sulfoxide deposits. After a discussion of the difference between trespass and nuisance, the Borland court stated,
 For an indirect invasion to amount to an actionable trespass, there must be an interference with plaintiff's exclusive possessory interest; that is, through the defendant's intentional conduct, and with reasonable foreseeability, some substance has entered upon the land itself, affecting its nature and character, and causing substantial actual damage to the res.
Id. at 530.
Alabama case law rejects the theory that mere concussion caused by blasting operations constitutes a trespass. Coalite,Inc v. Aldridge, 285 Ala. 137, 229 So.2d 539 (1969). In Coalite
the court distinguished injuries from concussion or vibration from a trespass by the casting of debris or rocks onto *Page 85 
the land of another. The court held further that where one is lawfully blasting on his own property, it must be shown that the injury resulted from negligence in the blasting operation for liability to be imposed.
In Rushing v. Hooper-McDonald, Inc., 293 Ala. 56,300 So.2d 94 (1974), the court reaffirmed the existence of a cause of action for indirect trespass. Here again, however, there was an actual deposit of some physical matter (asphalt) on the plaintiff's land.
Born v. Exxon Corporation, 388 So.2d 933 (Ala. 1980), sums up the position taken by the courts of this state. While recognizing a cause of action for indirect trespass, the court in Born held that in order for one to be liable to another for trespass, a person must intentionally enter upon the land in possession of another or must intentionally cause some substance or thing to enter another's land. The court distinguished Borland and Rushing on the basis that in Born the only invasion was by light and odor. There was no deposit of particulate matter. If the concept of common-law trespass is to be supplanted as discussed in dicta of substantial length inBorland, it must be done by our court of last resort. This may be the "appropriate case" which may release the "judicial restraint" held so stoutly in abeyance by that court inBorland.
The last issue presented by the Lipscombs is whether the trial court erred in its instructions to the jury at the close of all the evidence.
As the directed verdict on Counts A and B was not in error, the court's refusal of the Lipscombs' requested instructions on those issues was proper as such instructions were no longer applicable.
The Lipscombs also allege that the giving of Hercules' requested instruction number 15 was erroneous as to both its timing and its content. Requested charge number 15 was as follows:
 [W]here the Defendant is conducting a lawful operation on its own premises, the Defendant is not liable to an adjoining or a neighboring land owner for damages caused by an explosion on the Defendant's property unless the Plaintiffs have reasonably satisfied you from the evidence that the Defendant was negligent in the mode or circumstances of its operation. (R.244)
The Lipscombs assert that the giving of this charge at the conclusion of the court's oral charge was prejudicial because it unduly emphasized Hercules' position. According to the record before us, the court did not reveal which party requested the charge, only that it was a requested charge. We can find no precedent in this state for the proposition that either the preface to or the placement of the charge was violative of Rule 51, A.R.C.P.
Objection to the content of the charge centered on the "mode and circumstances" language. The charge itself was not an incorrect statement of the law. Ex parte Birmingham Realty,183 Ala. 444, 63 So. 67 (1913). Furthermore, the reviewing court must look to the total effect of the entire jury charge to determine if there was reversible error. Price v. Jacobs,387 So.2d 172 (Ala. 1980); Nelms v. Allied Mills Company,387 So.2d 152 (Ala. 1980).
In view of Rule 45, A.R.A.P., we cannot say that either the refusal of the Lipscombs' requested charges or the giving of Hercules' requested charges was so prejudicial as to constitute reversible error.
Finding no errors warranting a reversal, this case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 86