BEATTY, Justice.
The United States District Court for the Northern District of Alabama has certified to this Court, under Rule 18, A.R.A.P., the following question:
“What is the statute of limitations, under Alabama law, for an action for damages to one’s property caused solely by concussion and/or vibrations resulting from intentional blasting by another person on other property.”
The district court summarized the facts as follows:
“Plaintiffs claim damages for injury to their property caused solely from concussion and/or vibrations resulting from intentional blasting by defendant, all of which occurred at points off plaintiffs’ property on or before November 11, 1982. This action was filed on November 18, 1983.”
The precise legal question involved here is one of first impression. It is, simply put, whether an action based upon intentional blasting proximately causing damage by concussion is an action of trespass, with the six-year statute of limitations applying thereto, or an action of trespass on the case, with the one-year statute of limitations applying to it. Code of 1975, §§ 6-2-34, -39; Sasser v. Dixon, 290 Ala. 17, 273 So.2d 182 (1973). It appears that the parties have recognized that if the action is in case it is barred.
An analysis of this Court’s opinion in Harper v. Regency Development Co., 399 So.2d 248 (Ala.1981), is necessary to resolve this question.
Prior to that decision, this Court observed in Coalite, Inc. v. Aldridge, 285 Ala. 137, 229 So.2d 539 (1969), that
“in blasting cases where the damages result from non-trespassing conduct by the defendant lawfully setting off explosives on his own land, the burden is upon the plaintiff to show that such damages *1045 proximately resulted from the negligent conduct of the defendant.”
That case referred to earlier authority which recognized that “blasting in itself is a lawful and proper use of one’s own land. Liability is dependent on negligence.” Thus, it is clear that Coalite and its forebears had rejected “the theory that mere concussion caused by blasting operations [constituted] a trespass.” Lipscomb v. Hercules, Inc., 414 So.2d 82, 84 (Ala.Civ.App.1981), cert. quashed, 414 So.2d 86 (Ala.1982).
Harper, supra, was a case involving the intentional setting off of explosives in a blasting operation, allegedly causing damage to the plaintiffs condominium complex. A majority of this Court agreed in the adoption of Section 519 of the Restatement (Second) of Torts (1977), which imposes strict liability upon one carrying on an “abnormally dangerous activity” which results in harm to the land of another. Of that adoption, this Court stated, at 252-253:
“AN ABNORMALLY DANGEROUS ACTIVITY CONSTITUTES NEGLIGENCE
“We believe our adoption of the Restatement lightens the requisite burden of proof without abandoning the time-honored fault philosophy. Whether we adopt, by name, strict liability in tort for damages caused by blasting operations, or whether we perceive our holding as a mere expansion of prior cases, is relatively unimportant. What is important, in our view, is the preservation of our fault-based tort concept in the context of a modified standard of liability which no longer perpetuates what Professor Pros-ser terms ‘a marriage of legal technicalities with scientific ignorance.’ W. Pros-ser, Handbook of the Law of Torts, § 78 (4th ed. 1971).
“The fault concept is preserved simply by transposing the basis for testing culpability from the degree of care exercised in the manner in which the blasting operation is conducted to the conduct of the blaster in carrying on an abnormally dangerous activity which subjects innocent parties to an unreasonable risk of harm. To treat the discharge of an abnormally dangerous substance under ultrahazardous conditions as wrongful conduct is not violative of the duty/breach of duty principle of tort law. The use of the explosives under abnormally dangerous conditions is negligence, and thus actionable if such conduct proximately causes damage to another.
“Our holding today is strikingly similar, both in kind and degree, to the Alabama extended manufacturer’s liability doctrine. Casrell v. Altec Industries, Inc., 335 So.2d 128 (Ala.1976); Atkins v. American Motors Corp., 335 So.2d 134 (Ala.1976). There, we lessened the consumer’s burden of proof, but retained the fault concept, by transposing the basis for testing culpability from the degree of care exercised in the manufacturing process to the product’s defective condition at the time of sale. Here, we simply shift the culpability test from the degree of care exercised in the discharge of the explosives to the carrying on of an abnormally dangerous activity. See Henderson v. Wade Sand and Gravel Co., Inc., 388 So.2d 900 (Ala.1980), which altered the requisite burden of proof from that of traditional negligence to that of nuisance in the context of property damage caused by a continuing activity involving use of underground water.
“While our law no longer permits, as a defense, proof of the degree of care with which a defective product was made and sold to the public, neither will it permit the blaster to defend on the ground that he carefully prepared and detonated the explosive. In either case, to carefully injure another is no longer an acceptable exercise of one’s legal duty of due care.
“In neither case, however, is the claimant exempt from definite standards of proof both as to culpability and as to proximate cause. Just as the plaintiff must prove the defective condition of the product and an injury or damage *1046-1048 proximately resulting therefrom, one claiming blasting damage can establish liability of the blaster only by proving that such damage is the proximate result of an abnormally dangerous activity.” (Emphasis added.)
Thus, it can be perceived that this Court, by retaining the fault philosophy in intentional blasting cases, which in Harper was transposed into a newly recognized cause of action for conducting an abnormally dangerous activity, did not remove such cases from the general classification of negligence actions, which fall within the scope of the one-year statute of limitations, § 6-2-39. Accordingly, we answer the certified question as follows: The statute of limitations for such actions is one year, as found in Code of 1975, § 6-2-39.
QUESTION ANSWERED.
All the Justices concur.