JONES, Justice.
Plaintiffs (the Kennedys) appeal from a judgment based on a verdict in favor of the defendant (Ray) in a suit arising from an automobile accident. We affirm.
The Kennedys first argue that the trial court committed error in allowing Ray to elicit evidence regarding Mr. Kennedy’s character from three witnesses for the defense. During his own testimony, Kennedy stated that, as a result of the collision between his truck and Ray’s car, he was unable to perform physical or manual labor or to operate construction or farm equipment; that he could not do yard work; that he could not bend over or lift objects; and that his pain was constant.
The three defense witnesses called by Ray, all neighbors of Kennedy, testified to Kennedy’s bad reputation in the community for truth and veracity, and to having seen Kennedy, since the time of the accident, perform the very tasks he denied being able to do as a result of the accident.
“It is the rule that, in civil cases, evidence of a party’s character and reputation is generally inadmissible. Holcombe v. Whitaker, 294 Ala. 430, 318 So.2d 289 (1975). However, character and reputation may be admitted for impeachment purposes to point out contradictions in a witness’s testimony, and to point out inconsistent statements. Parker v. Newman, 200 Ala. 103, 75 So. 479 (1917).” Bracy v. Sippial Elec. Co., 379 So.2d 582, 584 (Ala.1980).
See, generally, C. Gamble, McElroy’s Alabama Evidence § 140.01(1), (7) (3d ed. 1977).
Therefore, once Kennedy testified, his testimony was subject to impeachment by Ray through the three witnesses, from whom Ray elicited evidence of conduct by Kennedy contrary to Kennedy’s testimony and evidence of Kennedy’s general bad reputation for truth and veracity. The trial court did not err in admitting the testimony of these three witnesses. See Bracy, supra, at 585.
The Kennedys also claim error in what they call the trial court’s “over-emphasis” on the issue of contributory negligence in its charge to the jury. They maintain that the charges with regard to Ray’s affirmative defense of contributory negligence far outnumbered the instructions with regard to the Kennedys’ claim of negligence and, therefore, misled the jury to their prejudice.
A careful review of the entire jury charge, however, reveals that the trial court carefully defined the principles of negligence, wantonness, and contributory negligence and then explained the various verdicts that the jury could reach in applying the definitions to the evidence present *1354 ed at trial. Contrary to the Kennedys’ assertion, we find no prejudicial emphasis on the definition or application of contributory negligence in the trial court’s charge to the jury. See Nelms v. Allied Mills Co., 387 So.2d 152 (Ala.1980); Underwriters Nat’l Assurance Co. v. Posey, 333 So.2d 815 (Ala.1976); Agri-Business Supply Co. v. Hodge, 447 So.2d 769 (Ala.Civ.App.1984); Lipscomb v. Hercules, Inc., 414 So.2d 82 (Ala.Civ.App.1981), writ quashed, Ex parte Lipscomb, 414 So.2d 86 (Ala.1982).
Because we find no error as to either of the issues presented, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.