INGRAM, Presiding Judge.
Edna L. Richardson (teacher) was a tenured teacher in the Mobile County school system. On October 11, 1989, the Mobile County Board of Education (board) gave the teacher notice of its proposal to cancel her contract. The teacher contested the proposed cancellation at an evidentiary hearing conducted by the board on November 8, 1989. However, the board, on that same day, voted in favor of cancellation. The teacher appealed the board’s decision to the State Tenure Commission, pursuant to § 16-24-10, Ala.Code (1975). The commission affirmed the board’s cancellation of the teacher's contract. Thereafter, the teacher sought further review of the cancellation by way of a petition for a writ of mandamus in the Mobile circuit court, as provided by § 16-24-38. The circuit court denied the petition, and the teacher brings this appeal.
The only issue raised for our consideration in this appeal is whether the board followed the appropriate procedure in canceling the teacher’s contract. Specifically, the teacher contends that the notice given by the board of its proposal to cancel her contract violated the provisions of the state tenure law.
Initially, we note that cancellation of a tenured teacher’s employment contract may be made for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions, or other good and just cause. § 16-24-8, Ala.Code 1975. Section 16-24-9 provides the procedure which a board must follow in canceling a tenured teacher’s contract. The statute provides that the board must give notice in writing to the teacher, stating in detail the reasons for the proposed cancellation of his or her contract. According to the terms of the provision, the hearing on the cancellation shall not be held less than 20 days nor more than 30 days after service of the notice to the teacher. Furthermore, the statute provides that the board’s decision must be made within five days following the hearing.
Here, the record reflects that the board voted on July 12, 1989, to propose the cancellation of the teacher’s contract. On October 11, 1989, the superintendent gave the teacher notice of the proposed termination and notice of the hearing on the proposed action to be conducted on November 8, 1989. As noted above, the board voted in favor of termination immediately following the hearing.
The teacher argues that the board violated the provisions of the state tenure law by waiting until October to give the teacher notice of the cancellation which had been proposed in July. However, we can find no provision governing the time in which the proposal to cancel a teacher’s contract is made and notice of the proposal is given to the teacher. As noted above, the tenure provision requires only that the notice of the proposed termination be given no less than 20 days nor more than 30 days before the hearing. As evidenced by the record, the board complied with this requirement.
The teacher further asserts that the proposed termination was untimely under § 16-24-12. At the outset, however, we note that our supreme court has previously held that, despite express language to the contrary, § 16-24-12 does not apply to tenured teachers. State v. Board of Education of Fairfield, 252 Ala. 254, 40 So.2d 689 (1949). Furthermore, unless and until the supreme court overrules Fairfield, we have no option other than to follow its mandate. Mitchell v. City of Dothan, 33 Ala.App. 19, 30 So.2d 735 (1946), aff'd, 249 Ala. 253, 30 So.2d 737 (1947).
In light of the above, the decision of the circuit court denying the teacher’s petition for a writ of mandamus is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.