714 So.2d 298 (1997)
Terry McCULLER
v.
DRUMMOND COMPANY, INC.
2950862.
Court of Civil Appeals of Alabama.
May 2, 1997.
Rehearing Denied June 13, 1997.
Certiorari Quashed April 24, 1998.
Rhonda Jones-Hardesty and R. B. Jones, Clanton, for appellant.
William Anthony Davis III and Jeannie Bugg Walston of Starnes & Atchison, Birmingham, for appellee.
Alabama Supreme Court 1961648.
PER CURIAM.
Terry McCuller appeals from a summary judgment entered in favor of Drummond Company, Inc. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
Our review of the record reveals the following pertinent facts: In July 1994 McCuller, a landowner in Vance, Alabama, filed a complaint against Drummond under the tort theories of strict liability, negligence, wantonness, and trespass. Specifically, McCuller sought compensation for property damage, which, he says, was caused by Drummond's blasting operations in strip-mining coal from August 1993 until May 1994.
In March 1996 Drummond filed a motion for a summary judgment, pursuant to Rule 56(c), Ala. R. Civ. P. Thereafter, the trial court, following an ore tenus hearing, granted Drummond's motion. McCuller appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of the genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence creating a genuine issue of a material fact. Porter, 636 So.2d 682.
Substantial evidence has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
In entering its summary judgment, the trial court did not include any findings of fact or explain its basis for entering the summary judgment. However, Drummond had argued that McCuller had failed to connect the blasting with the damage done to his home. Any connection between the blasting and the *299 damage, Drummond said, was merely conjecture and speculation.
We must keep in mind that in reviewing this summary judgment, we are to view the evidence in the light most favorable to McCuller, the nonmovant, and we must draw all reasonable inferences in his favor. Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994).
McCuller testified that Drummond's blasting could be felt in his home, and he presented evidence that the extent of the damage done to his home goes beyond normal shrinkage or wear and tear. Craig Ledbetter, a construction management consultant, said in his deposition that although he is not an expert in blasting, he could say that the damage to McCuller's home was consistent with blasting damage. Several other area homeowners testified regarding their observations that their homes were being damaged as a result of the blasting. There is no evidence in the record that any entity other than Drummond was blasting in the area.
In viewing the evidence in a light most favorable to McCuller, we find that he presented substantial evidence to create a genuine issue of material fact regarding whether Drummond's blasting was the cause of the damage done to McCuller's home. Therefore, the trial court erred in entering a summary judgment in favor of Drummond.
The judgment is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.
THOMPSON, Judge, dissenting.
I believe summary judgment was proper in this matter. Our Supreme Court, in Coalite, Inc. v. Aldridge, 285 Ala. 137, 139, 229 So.2d 539, 541 (1969), stated that "blasting in itself is a lawful and proper use of one's land. Liability is dependent on negligence." My review of the evidence reveals that McCuller merely presented evidence regarding the nature and the extent of the alleged damage to his home. He presented no evidence linking this damage to Drummond. McCuller also failed to present any evidence proving that Drummond breached any duty owed to him.
Drummond's motion for summary judgment was supported by the affidavit of a licensed engineer, James A. Durham, who, after conducting a thorough investigation, attributed the damage in McCuller's home to natural causes. Durham concluded that McCuller's home was too far from the blasting site to have been damaged by the vibrations caused by the blasting. Durham's affidavit states in part:
"Based on my site visit observations, and my investigation into the suspect blasting activities, it is my opinion that the cracks in the basement foundation walls have not been caused by blasting-generated ground vibrations emanating from the Kellerman Coal Mine. Instead, I feel that the cracks have developed naturally from a combination of normal masonry shrinkage, possible post-construction foundation settlements, and/or concrete floor slab shrinkage.
"A review of the seismograph monitoring records and a topograhic map demonstrate clearly that the McCullers' home is simply too far away from the mine to be affected by large, damaging-type ground vibrations."
McCuller presented the testimony of Craig Ledbetter, a consultant in construction management, to support his opposition to the motion for summary judgment. Ledbetter admitted in open testimony that he was not trained in the area of blasting, and that he had never performed any consulting services in this area. He also testified that he had never investigated Drummond's mine, blasting logs or records. Ledbetter further testified that he did not consider himself an expert qualified to give an opinion concerning McCuller's property damage and whether the property damage was related to Drummond's blasting activities. I do not believe that Ledbetter's testimony constitutes substantial evidence sufficient to defeat Drummond's motion for summary judgment which was supported by expert testimony.
*300 The record reflects that Drummond was conducting its blasting operations in compliance with all applicable laws and regulations, and McCuller failed to present any evidence to the contrary or produce evidence to prove damage to his home as a result of Drummond's blasting operations.
CRAWLEY, J., concurs.