MOORE, Judge,
concurring in part and dissenting in part.
I concur in the majority’s decision to overrule Cedric Webb’s application for rehearing to the extent the application requests the court to vacate or amend that portion of its opinion on original submission discussing the hearing officer’s ruling granting Webb’s motion for a judgment as a matter of law. However, I respectfully dissent as to the majority’s decision to overrule the application for rehearing in its entirety because I believe the court should vacate that portion of its opinion on original submission pertaining to the hearing officer’s rulings regarding the evidence relating to Webb’s employment history.[1]
In his brief to this court, and again in his application for rehearing, Webb argues that the court should not have addressed the hearing officer’s ruling that Webb’s contract of employment could not be canceled for conduct occurring before the 2006-2007 school year. Webb basically maintains that the hearing officer entered a judgment as a matter of law in favor of Webb on this issue based on alternative grounds: (1) that Alabama law precludes a county board of education from canceling the contract of a tenured teacher based on misconduct occurring in a prior school term and (2) that the conduct for which Webb was charged did not warrant cancellation of his teaching contract. See generally Kellis v. Estate of Schnatz, 983 So.2d 408, 412-13 (Ala.Civ.App.2007) (holding that when trial court found two alternate, independent, and sufficient grounds for voiding real-estate contract, this court would not review alleged error regarding first ground when trial court’s judgment could be affirmed on second ground, which appellant did not address). Webb argues that the second ground is sufficiently independent of the first ground so that any error the hearing officer may have committed in granting his motion for a judgment as a matter of law based on the first ground is “purely academic.”
After closely reviewing the final decision of the hearing officer, I believe the court correctly determined that the hearing officer assessed Webb with 2 10-day suspen *117 sions only after concluding that, as a matter of law, Webb’s teaching contract could not be canceled during the 2006-2007 school term for alleged misconduct occurring in prior school terms. Contrary to Webb’s argument, the hearing officer did not make any factual determination, express or implied, that Webb’s conduct did not warrant cancellation of his teaching contract. Hence, the question whether the hearing officer correctly granted Webb’s motion for a judgment as a matter of law based solely on the first ground was squarely presented to this court.
Section 16-24-8, Ala.Code 1975, which sets out the grounds upon which the employment contract of a tenured teacher may be canceled, provides:
“Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination, neglect of duty, immorality, failure to perform duties in a satisfactory manner, justifiable decrease in the number of teaching positions or other good and just cause, but cancellation may not be made for political or personal reasons.”
Section 16-24-8 does not contain any temporal limitation that would preclude a school board from canceling the employment contract of a tenured teacher for causes arising in a prior school term. If the legislature had intended that the employment contract of a tenured teacher could be canceled only for misconduct or other causes occurring during a current school term, it certainly could have used language to that effect. See Ex parte Jackson, 614 So.2d 405, 407 (Ala.1993) (stating that the legislature knows how to draft a statute to reach a particular end and that “[t]he judiciary will not add that which the Legislature chose to omit”).
Section 16-24-12, Ala.Code 1975, provides, in pertinent part:
“Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed
[[Image here]]
That statute merely provides that a teacher is deemed reemployed for the following school year unless notified before the end of the present school term that his or her contract will not be renewed. See generally Boone v. Birmingham, Bd. of Educ., 45 So.3d 757 (Ala.Civ.App.2008). The plain language of § 16-24-12 does not in any manner address whether a school board may cancel a teacher’s employment contract in one school term for conduct occurring in a prior school term, much less preclude such a cancellation. See University of South Alabama Hosps. v. Blackmon, 987 So.2d 1138, 1142 (Ala.Civ.App.2007) (“[W]hen ‘the language of a statute is plain and unambiguous, ... courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning — they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature.’ Ex parte T.B., 698 So.2d 127, 130 (Ala.1997).”).
Any suggestion that § 16-24-12 prevents a board of education from canceling the employment contract of a tenured teacher beyond the end of the school term in which the cause arose comes not from the language of the applicable statutes, but from statements in caselaw. In State ex rel. Steele v. Board of Education of Fairfield, 252 Ala. 254, 40 So.2d 689 (1949), the Board of Education of Fairfield instituted a policy in February 1947 requiring its teachers to take a mental-ability test. *118 When presented with the test without notice in March 1947, Maenetta Steele, a tenured teacher, merely signed her name and returned the test without answering any of the questions. The superintendent testified that he had given Steele an opportunity to retake the test but that she had refused. 252 Ala. at 259, 40 So.2d at 693. Based on those refusals, the board canceled Steele’s contract of employment for insubordination in June 1947. 252 Ala. at 256, 40 So.2d at 691.
On appeal to our supreme court, Steele argued, among other points, that the decision to cancel her contract of employment was void because she was not notified of the cancellation until after the end of the 1946-1947 school term, in violation of § 360, Title 52, Ala.Code 1940,[2] the predecessor to § 16-24-12. Id. In addressing that contention, the court considered the issue to be whether § 360 applied to tenured teachers whose employment contracts had been canceled in accordance with statutory procedural requirements. 252 Ala. at 257-58, 40 So.2d at 692. The court then stated:
“It is true that § 360, Title 52, Code 1940, contains language susceptible of the construction that its requirements as to notice, etc., apply to all teachers, for it says ‘any teacher in the public schools, whether in continuing service status or not .... ’ But we think it clear that in using that language the legislature intended merely to emphasize the fact that the provisions of that section applied to those teachers who were not in continuing service status, for with one or possibly two exceptions all the preceding sections of the Tenure Law relate exclusively to tenure teachers.
“Termination of employment and cancellation of an existing contract are entirely different matters. The latter can be done only for cause and that cause may arise at any time. Certainly the legislature did not intend to limit the right of an employing hoard of education to cancel the contract of a teacher for cause to any specific time during the year, and yet such would he the result if § 360, Title 52, Code 19W, is given the construction as contended for by counsel for appellant.
“We hold, therefore, that the provisions of § 360, Title 52, Code 1940, as originally written, apply only to probationary teachers and have no application to tenure teachers, hence there is no merit in appellant’s contention that the order or resolution of her employing board of education cancelling her contract, under date of May 27,1947, and of which she had notice on June 2, 1947, is void and of no effect because not taken prior to May 1,1947.”
252 Ala. at 258, 40 So.2d at 692-93 (emphasis added).
In Jackson v. Alabama State Tenure Commission, 625 So.2d 425 (Ala.Civ.App.1991), this court rejected the appeal by a tenured teacher who claimed that the cancellation of her employment contract violated § 16-24-12. This court stated: “In Fairfield, the supreme court determined *119 that the notice provisions of § 16-24-12, [Ala.] Code 1975, do not apply to tenured teachers, and until the supreme court overrules its holding in Fairfield, we must follow its mandate. Richardson v. State Tenure Commission, 585 So.2d 49 (Ala.Civ.App.1991).” 625 So.2d at 425.
On certiorari review, the supreme court, in Ex parte Jackson, 625 So.2d 425 (Ala.1992), overruled Fairfield. In Ex parte Jackson, the Mobile County Board of Education adopted a proposal to cancel Lucy Jackson’s teaching contract on March 14, 1990; however, the board did not notify Jackson of the proposed cancellation until August 1, 1990, and it did not vote to cancel her contract until August 20, 1990. 625 So.2d at 426. Jackson argued that the board should have notified her of its decision to cancel her contract before the end of the 1989-1990 school term so she could try to find another job for the 1990-1991 school term, in keeping with the purposes of § 16-24-12. 625 So.2d at 427. After concluding that the Fairfield court had misconstrued the statute, 625 So.2d at 428-29, and that § 16-24-12 was intended to prevent hardship to teachers resulting from undue delays in notifying them of a proposed contract cancellation, 625 So.2d at 429, the court held that § 16-24-12 applies equally to tenured teachers and probationary teachers alike. 625 So.2d at 430. The court then stated:
“In answer to Fairfield’s expressed concern that § 16-24-12, [Ala.Code 1975,] if applied to tenured teachers, would ‘limit the right of an employing board of education to cancel the contract of a teacher for cause to [a] specific time during the year,’ Fairfield, 252 Ala. at 258, 40 So.2d at 698, we emphasize that the result we reach today should not be read to preclude the cancellation of a tenured teacher’s contract during the summer if new grounds for cancellation arise after the end of the school term. Moreover, where such new grounds arise, the school board, in considering a cancellation proposal, shall not be limited in its consideration to alleged acts of malfeasance or nonfeasance occurring during the summer, but may consider such acts in light of the teacher’s performance throughout that teacher’s career. We hold only that where, as here, the school board’s proposal to cancel a teacher’s contract predates the end of the school term, § 16-24-12 requires that tenured teachers, like their nontenured counterparts, be notified of the decision before the end of the term.”
625 So.2d at 430.
In Morse v. Alabama State Tenure Commission, 705 So.2d 410 (Ala.Civ.App.1997), the Tuscaloosa County Board of Education voted on August 23, 1995, to cancel the employment contract of Lonnie Morse, a tenured teacher. 705 So.2d at 410. Approximately one week before the end of the 1994-1995 school term, Morse was informed that it appeared that her position as a supervisor employed in the board’s central office would be abolished. 705 So.2d at 411. On June 12, 1995, after the end of the 1994-1995 school term, the board voted to abolish Morse’s position. Thereafter, the superintendent offered Morse employment as a teacher and informed Morse that she would recommend the cancellation of her employment contract if Morse failed to accept the offer. Morse did not respond to the offer, having previously informed the superintendent on two occasions that she would not return to work as a teacher. Id. On July 14, 1995, the superintendent recommended to the board that Morse’s contract be canceled. After a hearing on August 17, 1995, the board canceled Morse’s contract. 705 So.2d at 412.
*120 On appeal to this court, Morse argued that the cancellation of her contract violated Ex parte Jackson because, she said, she did not receive notice of the proposed cancellation of her contract until July 17,1995, well after the end of the 1994-1995 school term. 705 So.2d at 412. After quoting the excerpt from Ex parte Jackson set out above, this court held that “the Board’s action did not violate our supreme court’s holding in Ex parte Jackson, because the proposal to cancel Morse’s contract did not predate the end of the school term.” 705 So.2d at 412. This court determined that the proposal to cancel Morse’s contract was not made until July 14, 1995, after Morse had declined to be reassigned to a teaching position. 705 So.2d at 413.
Fairfield, Ex parte Jackson, and Morse do not stand for the proposition that an employing board of education cannot cancel the employment contract of a tenured teacher for causes arising during a prior school term. In Fairfield, the supreme court specifically held that the predecessor statute to § 16-24-12 did not apply to tenured teachers, reasoning that, if it did, an employing board of education could only cancel the employment contract of a tenured teacher at the times specified in the statute. 252 Ala. at 258, 40 So.2d at 693. That statement regarding what the court considered to be a hypothetical situation obviously was not essential to its holding because the Fairfield court did not have to decide the effect of the statute on the contracts of tenured teachers. Accordingly, that statement must be considered “obiter dictum,” “[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive).” Black’s Law Dictionary 1102 (8th ed. 2004).
In Ex parte Jackson, the supreme court did not hold that a school board could not propose to cancel the contract of a tenured teacher based on misconduct or other good and just causes occurring or arising in a prior school term. It simply held that, once the board proposes to cancel a teacher’s contract during a school term, it must notify the teacher of that proposal before the end of the school term. 625 So.2d at 430. Morse merely held that, if good cause arises to cancel the contract of a tenured teacher in the summer following the end of a school term, the board may cancel the contract of the teacher before the start of the next school term.
From my review of applicable caselaw, I cannot find any case directly addressing the question whether the employment contract of a tenured teacher may be canceled in one school term for misconduct occurring in a prior school term. Based on the language of § 16-24-8, I believe that it can, at least insofar as that misconduct comes within the grounds set out in that statute. I cannot conceive that the legislature intended that a school board is barred from canceling the employment contract of a tenured teacher for cause simply because that cause arose in a prior school term. That view does not render § 16-24-12 inoperative, however. Once a school board proposes cancellation of the employment contract of a tenured teacher based on a cause or causes arising in prior school terms, in order to comply with § 16-24-12 and Ex parte Jackson, the board must notify the teacher of the proposed cancellation before the end of the school year in which the proposal was first made. Otherwise, the teacher will be deemed reemployed for the succeeding year.
In this case, the hearing officer found that Webb had committed a punishable act of misconduct on May 3, 2006. The record contains no evidence indicating, and the *121 hearing officer’s final decision contatos no finding, that the Board had proposed to cancel Webb’s contract before the end of the 2005-2006 school term. Rather, the record discloses that the school term expired three weeks after the May 3, 2006, incident, at which time the matter was still under investigation and Webb remained on administrative leave with full pay and benefits. The hearing officer also found that Linda Robinson, the interim superintendent for the Board, had notified Webb of her intent to recommend the cancellation of his contract on January 26, 2007. The Board approved that recommendation on February 20, 2007. Based on the evidence and the findings of the hearing officer, I find that the Board fully complied with § 16-24-12.
The hearing officer erred in deciding that Webb’s teaching contract could not be canceled in the 2006-2007 school term for misconduct committed in the 2005-2006 school term. That error is reversible because it probably affected the outcome of the case. As explained earlier, the hearing officer suspended Webb only after concluding that his employment contract could not be lawfully canceled. For the reasons stated above, I agree that the case should be remanded for the hearing officer to reconsider whether Webb’s employment contract should be canceled; therefore, I concur to overrule Webb’s application for rehearing as to this issue.
I would, however, grant the application as to the other issue Webb has raised to his application for rehearing — whether the hearing officer erred in allowing Webb to “relitigate” his prior disciplinary actions. The hearing officer may decide that Webb’s employment contract should be canceled based solely on the May 3, 2006, incident. If so, the Board would not be aggrieved by the ruling allowing Webb to present evidence regarding the prior disciplinary actions. Hence, I find the discussion regarding that ruling in this court’s opinion on original submission to be unnecessary. For that reason, I would grant Webb’s application for rehearing as to that issue and I would vacate that portion of the opinion on original submission discussing that issue.

. Webb does not argue in his application for rehearing that any other portion of the opinion on original submission should be modified, so I do not address this court’s rulings granting the relief requested in his cross-appeal and vacating the hearing officer’s order directing that certain records be expunged from Webb's personnel file.

. Section 360 provided:
"Any teacher in the public schools, whether in continuing service status or not, shall be deemed re-employed for the succeeding school year at the same salary, unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed; provided, however, that in no case shall such notice be given the teacher later than the first day of May of the termination of such employment, and such teacher shall be presumed to have accepted such employment unless he or she shall notify the employing board of education in writing to the contrary on or before the first day of June."